Mr. Justice Thacher
delivered the opinion of the court.
This was an indictment for murder, preferred against the plaintiff in error, in the circuit court of Lowndes county, which, upon trial, resulted in a verdict of manslaughter in the second degree.
The first ground of error taken is, that the record does not show that the indictment in this case was found by the grand jury. The record states that “ on the 3d day of April, 1844, the following entry was made upon the minutes of said court, to wit: The grand jurors returned into court an indictment against William S. Goodwyn, indorsed thereon a true bill, William M. O. Mims, foreman of the grand jury, and retired to’consider of further presentments. Said indictment is in the words and figures as follows, to wit,” &c. These words show that an indictment was returned into court by the grand jury, which shows that the accused had been indicted in due form by the grand jury. This entry is in the usual form, with the omission of the character of the offence charged in the indictment. This is always in general terms, as “for murder, for larceny,” &c., and does not further particularize the offence, and is not important. An indictment is no part of the minutes of the court. The clerk, in making up the record, of which the minutes and the indictment both form parts, must necessarily connect them together in the order of their occurrence in the court below. It appears from the record that an indictment, therein recited, was returned into court on the 3d day of April, 1844, against the accused; the record further states, that “on the said 3d day of April, the following entry was made upon the *536 minutes of said court, to wit: this day came, as well Henry Gray, Esq., the district attorney, who prosecutes in behalf of the state, as the said William S. Goodwyn, who was led to the bar in the custody of the Sheriff of Lowndes county, and being arraigned upon the indictment in this case, upon his arraignment pleads not guilty,” &c.; it also further appears in the record, that on the same day a venire facias was ordered, to summon jurors to serve on the trial of said William S. Goodwyn, indicted for murder. It is a rule well settled, that if there be an uncertainty in any part of a record, it may be explained by any other part of the record. If it really be error in the first entry of the minutes, not to state the character of the offence charged in the indictment, the subsequent entries in the minutes on the same day, in the same case, and in reference to the same indictment, are too explicit to leave any doubt upon the minds of this court upon this point.
The only other technical objection which we deem requires comment, is that which has reference to the instruction given by the court below to the jury. It was in evidence that the deceased came to his death by means of a discharge by the accused of a shot-gun loaded with shot between the size of squirrel shot and small-sized buck shot, commonly known as duck-shot. Upon this evidence the court was desired to charge the jury, “ that if they believed, from the evidence, that the deceased came to his death by means of the shot aforesaid, and not by one leaden bullet discharged from said shot-gun as alleged in the bill of indictment, they must find a verdict for the accused.” This charge the court refused, but charged the jury “that the said proof was sufficient to sustain the said billas alleged in the indictment.” The charge requested was clearly properly refused. The instrument by which the death is caused need not necessarily be strictly proved as laid in the indictment, and proof of its having been caused by any other instrument capable of producing death in a similar mode, satisfies the indictment in that respect. The charge given by the court was but the negative of the charge requested. The language of the court referring to “ the said proof,” refers solely to *537 the proof of the contents of the shot-gun, and its language when declaring the said proof “ sufficient to sustain the said bill as alleged in the indictment,” refers to the allegation in the indictment of the contents of the shot-gun. It was not, in our view, intended as a charge generally upon the evidence in the case, and, from the finding of the jury, could not so have been understood by them.
There is nothing in the circumstances attending the commission of the fatal act by the accused, as they are to us presented, that seems to warrant us to interfere with the judgment. The accused parted from the deceased, before the event, with a deadly threat against- some one, shortly returned to him armed, and an affray ensued, in which he shot the deceased. The evidence shows an inducing cause for excited but inexcusable feelings of passion in the arrest of his property in execution by the deceased in his capacity of a deputy sheriff, a threat, and finally an act of violence that resulted in the death of that officer by the hand of the accused. . The chain of evidence links the circumstances so together, that it is impossible for the mind to separate them, or to divest them of the stain of guilt. We are disposed to adopt the more mild interpretation of the jury, which mitigated the offence into a lesser degree of crime than the one charged in the indictment, but we find ourselves, after an anxious investigation of all the facts, unable to behold them in any other light.
The judgment of the circuit court of Lowndes county is therefore affirmed.