FRIAR *v.* THE STATE, 3 Howard, 422.

### NEGRO STEALING.

The 22nd section of the act establishing the criminal court, provides that the judge may, when he deems it necessary, hold 'a special term on giving twenty days notice thereof.   No formal order is necessary for holding such term, and the propriety thereof is wholly within the discretion of the judge.

The twenty days notice by advertisement, required by the statute, is for the information of the public, but is not necessary to confer jurisdiction; the statute being merely directory.

Where the record shows that the indictment was endorsed a true bill by one of the grand jurors, and that it was returned into court by the authority of the whole fifteen jurors who composed the panel, it is sufficient without the special appointment of a foreman.[1]

The sheriff, as one of the officers of the court, is competent to serve the prisoner with a copy of the indictment and the *venire.*

Where, by the assent of the accused and the state, entered on the record, the jury were allowed by the court to bring in a sealed verdict and deposit it with the clerk, and to separate until a certain day; and they did so, and appeared on the day named, when their verdict was opened by the clerk and read to them, and they "severally, upon their oaths in open court, confirm their sealed verdict," and say, " We the jury find the prisoner guilty in manner and form, as he stands charged in the bill of indictment," the conviction was held to be regular and valid.   And where the judge directs the jury to bring in a sealed verdict, and gives them permission to separate after agreeing on the same, the parties will be deemed to have assented to such permission, if no objection appear, and it is no cause of objection to the verdict.

The mere affidavit of a third person, that the prosecutor had declared that there was in existence a bill of sale of the property charged to be the subject of the larceny, which bill of sale went to establish title in the prisoner, is not a sufficient ground for a new trial, unless the affidavit be supported by the oath of the prisoner, alleging sufficient reason why such bill of sale was not produced on the trial, and an expectation that it could be procured on a subsequent trial.[2]   The affidavit of a juror will not be received to impeach the verdict of the jury.

The bill of exceptions should set forth the precise grounds of exception, otherwise the court cannot take cognizance of the subject matter.

A general verdict of guilty will be sustained, although all the counts of the indictment are bad but one.

[1] Peter v. State, 3 How., 433; Wharton's Am. Cr. Law, 502.

[2] Wharton Am. Cr. Law, 3170; State v. Harding, 2 Bay, 267; Com. v. Drew, 4 Mass., 599.

Error to Adams circuit court.

*Jennings & Webber* for plaintiff in error.

*T. F. Collins*, attorney general.

Cited, Acts of 1836, p. 25; Rev. Code, 106; 1st Session of Acts of 1830, ch. 15. § 5; Chitty Cr. Law, 640; 1 Salk, 384; 1 Comp. 276; Rev. Code, 109.

TROTTER, J.:

This case was brought up by writ of error to the circuit court of Adams county. The indictment was found at a special term of that court, which was holden on the fourth Monday of June, 1838. It charged the plaintiff in error with the crime of negro stealing under the statute of this state, and contained two counts which varied with each other only in the description of the slave, the subject of the larceny. The prisoner was arraigned on the indictment and pleaded not guilty.

At the trial the prisoner objected, that he had not been served with a copy of the indictment, and a list of the *venire*, two entire days before the trial, according to law. The objection was, however, overruled, and the jury returned a general verdict of guilty on both counts of the indictment. The plaintiff then moved the court for a new trial on the grounds stated in the record, and which will be presently noticed, but the motion was refused, and he now assigns as error:

1. That the record shows no order for the holding of the special term of the court below. By the 22d section of the act to establish the criminal court of this state, it is provided, that whenever it shall be deemed necessary, the judge of said court may hold special terms, upon giving twenty days notice thereof. The question of the necessity and propriety of directing a special term, is thus referred entirely to the discretion of the judge, and with it we can have nothing to do. No formal order is necessary, nor is any required to be shown on the minutes. The twenty days notice of the time of holding any such special term, is required for the information of those who may have causes or business in the same, but it is not necessary to confer jurisdiction. In this respect the act is merely directory, without the

publication of notice as required the proceedings could only be held as irregular. But it is contrary to well settled principles to decide the proceedings of a court of record to be irregular without any proof that they are so. The presumption is in their favor, and must be indulged until the contrary clearly appears.

It is secondly, assigned as error, that the record does not show the appointment of any foreman of the grand jury. To this objection it may be answered, that the record states that the grand jury presented the bill of indictment in open court. It is endorsed, a " true bill" by one of the body, and it is shown independently of this endorsement, that it was returned by the authority of the whole fifteen jurors who composed the panel. The caption of the record states that " by the oaths of the jurors (naming them in full), it was presented as follows," and then sets forth the bill of indictment at length. This is surely as satisfactory as to the finding of the jury, and the identity of the bill, as the simple endorsement of a regularly appointed foreman. The objection is wholly contradicted by the record.

3. The next ground of error is, that the plaintiff in error was not served with a copy of the indictment and a list of the *venire* two entire days before the trial as required by law. This is certainly a right to which he is strictly entitled by the statute of this state to enable him to prepare his defense, and to make his challenge to the jurors. But the record shows that a copy of the indictment and a list of the *venire* were both furnished him by the sheriff on the 29th day of June, and the trial did not take place until the 3rd day of July. But it is insisted that the sheriff was not authorized by law to furnish such copies. The statute simply provides that the accused in capital cases shall be entitled to have a copy of the indictment and of the *venire*, two entire days before his trial, and is silent as to who shall serve them. He has, therefore, a right to look to the court, and it is surely the duty of the court to see it done by some one of its officers, and we can see none more proper than the sheriff.

4. It was next assigned as error, that the court permitted the jury to separate and return a sealed verdict. The record states that it was agreed by prisoner and his counsel, that the verdict of the jury when agreed upon, might be sealed by the jury and

left in charge of the clerk until Thursday, as agreed upon. The record then proceeds to state that on Thursday, the 5th day of July, the parties appeared, and that the jury were called into court, and that they "severally and upon their oath do say in open court, and by their sealed verdict aforesaid, opened and read to them by the clerk; we of the jury find the prisoner guilty in manner and form as he stands charged in the indictment." It has been repeatedly held that the court will not set aside a verdict for irregularity when the jury have separated after agreeing to a sealed verdict, if agreed to when they deliver it. Such was the case of Douglass v. Tousey, 2 Wend., 352. And where the judge directs the jury to bring in a sealed verdict, and gives them permission to separate after agreeing to the same, the parties will be deemed to have assented to such permission, if no objection is made, and it is no cause of objection to the verdict. Ib. In the case of the People v. Douglass, 4 Cowen, 26, it was held in a civil suit to be perfectly clear that the separation of a jury without and even contrary to the directions of the court, would not of itself warrant the court in setting aside the verdict. The same principle is established in the case of Burns v. Hoyt, 3 Johns. R., 255. In the last case the jury had deliberated several hours, sealed their verdict and separated, and next morning brought it into court. On being polled one of them disagreed, and Judge Kent sent them out again, and the disagreeing juror ultimately assented to the verdict as it had been sealed up. It was held, that until it was received it was no verdict, and the jury had a right to alter it. 6 Johns. R., 68. This is precisely the case before us; the verdict though sealed, was not binding until it was delivered into court. When read, if it is not objected to, it is then emphatically their verdict; for when read, either party has a right to poll the jury to ascertain if they all assent. Blakeney v. Sheldon, 7 Johns. R., 32. In this case the verdict was opened in the presence of all the parties, and read aloud by the clerk to the jury. The prisoner was thus afforded ample opportunity to poll the jury. It was then a public verdict spoken by the jury; and we can see no reason for disturbing it on that ground.

5. The next objection is rested on the refusal of the court to

grant the prisoner a new trial. The grounds relied on in support of the motion besides some which have already been considered, were the affidavits of Thomas Mackin, one of the jurors, and Farmer. The affidavit of Mackin states, that he would not have consented to the verdict of guilty in this case, " but upon the drawing up and signature by the jury of the communication addressed to and received by the court recommending a new trial, and that he believed said letter would have a great influence upon the mind of the court." We forbear all comment upon the singular ground taken by this member of the jury for his verdict. He does not state that he entertained doubts of the guilt of the prisoner, or that he was moved by any other consideration than the hope or expectation that the court would set aside what he and his fellows had solemnly and deliberately agreed upon. This is not ground, however, for setting aside a verdict. The letter of the jury was one thing and their verdict another. Their verdict was upon oath. If there were reasons known to them sufficient to grant a new trial, then the verdict should not have been rendered. The letter was inconsistent with the verdict and the latter must prevail. But be this as it may, the court had no authority to notice the affidavit of the juror, which tended to impeach his conduct and repudiate his verdict. It is not competent for one of the jury to prove the misbehavior of his brethren. Dana v. Tucker, 4 Dana, 486. Nor can the affidavit of jurors be received to impeach their verdict. Ib. This is a well settled rule, and so well settled, as we conceive, upon the clearest principles of justice and public policy; if it were otherwise there would be opened the widest door for protracted litigation, fraud and perjury. We are not at all satisfied with the reasoning of Judge White in the case of Crawford v. The State, reported in 2 Yerger. His conclusion is not warranted by the authorities to which he refers; for we find Lord Mansfield deciding against the admissibility of such proof, in all cases cited, except the one which arose a short time after he came to preside in the court of King's Bench. But the case decided by Judge White was an extreme one, the jurors then declaring that they did not believe the prisoner guilty. The affidavit of Farmer stated simply that the prosecutor

told him that there was a bill of sale to the prisoner for the negro he was charged with stealing; that the bill of sale was mailed and directed to affiant at Natchez, with a view of getting him, affiant, to establish the verity of it, and he further inquired of affiant whether he had received it, to which he had answered that he had not.    And this was all he stated.    This was addressed to the court as a reason for a new trial, on the ground of newly-discovered evidence.    But it does not state that this fact was not known to the prisoner before the trial.    It does not show at what time the prosecutor communicated the information, whether before or after the trial.    It is not accompanied by any affidavit of the prisoner himself of the fact.    It is a naked statement of a fact furnished by the prosecutor, who appears to have been the owner of the slave.    Can it be possible that the prisoner could have gone to trial on a charge so deeply affecting his reputation, and in which his life must be the forfeit of his conviction, without having insisted upon time to procure testimony so important to his defense as a bill of sale, establishing his title to the property?    But he does not offer any statement of his own to explain what certainly deserves explanation.    If he had an authentic bill of sale to the slave, he surely could not have been ignorant of it, and if it was out of his possession, he should have notified the court of the fact, and moved a continuance of the cause until he could procure it.    But it does not appear from this affidavit where it now is, nor does the witness profess to state that such a paper in fact exists.    How was it sent to him?    By mail.    For what purpose?    He says that he might establish the verity of it.    But how could he establish its verity?    If he was a subscribing witness and had seen it, he need not have depended, as it seems he did, on the information of the prosecutor.    But he does not furnish the court with any ground for any expectation he has that the paper can ever be procured, or used in the event of a new trial.    It is totally insufficient.

6. It is next insisted, that the court erred in refusing to notice, without affidavit, facts which transpired under the eye of the court.    The only criterion furnished us of what those facts were, is the statement in the bill of exceptions, that they were those

set forth in some of the reasons filed in support of the motion for a new trial. And yet what they were we cannot tell, unless they be the affidavits of Mackin the juror, and of Farmer, which have been noticed. It is impossible for this court to decide upon such an objection. The general statement, that they were facts which had been offered in support of some of the reasons filed for a new trial is not sufficient. It is incumbent on the party who excepts to the decision of the court to place in his bill of exceptions the precise ground of exception. But this can only be done by embodying in the bill the facts on which the exception rests. This is done, and we should be acting upon a very loose principle to decide under such circumstances that there was error in the action of the court in that case.

7. It is also objected that the verdict is general not referring to the particular count on which it was rendered. This is totally unfounded. A general verdict of guilty will be sustained, though all the counts in the indictment be bad but one. Chitty Cr. Law, 640.

But both the counts in this indictment are good under the statute, and are properly framed.

Let the judgment be affirmed.