VICTOR CACHUTE *v.* THE STATE.

1. CRIMINAL TRIAL — INDICTMENT — HOW PRESENTED INTO COURT. — The authorities in this state are, that the indictment must be brought into court, by the grand jury, as a body or through their foreman, accompanied by the requisite number, and the record must show this affirmatively. Laura v. The State, 26 Miss., 176 ; Friar v. The State, 3 How., 423 ; Goodwin v. The State, 4 Smed. & Mar., 535.

2. SAME — SAME — ENTRY BY THE CLERK. — It is not competent for the clerk to certify by way of recital what transpired at a former term of the court. The proceedings of that term as actually entered upon the records of the courts, are the best and only evidence of what occurred in a particular case.

3. SAME — EFFECT OF § 2794 AND 2795 OF CODE OF 1871. — The first section of this statute recognizes the practice that the minutes of the court must show that the bill of indictment was brought by the grand jury into court. The second section postpones such entry upon the minutes until the accused has been arrested and is either in custody or at large on bail. The object was to keep the indictment secret until the accused was arrested. Manifestly, this statute does not dispense with a record upon the minutes, of the fact, either at the term at which the indictment was found or at any time " after the appearance of the accused."

4. ARRAIGNMENT — PLEA. — In all cases of felony the record *must* show affirmatively, that the accused was arraigned and plead in person to the indictment. If plea is by attorney, it is as no plea. Wilson v. The State, 42 Miss., 641.

ERROR to the circuit court of Harrison county. Hon. ROBERT LEACHMAN, Judge.

The plaintiff in error was indicted at the April term, 1869, of court below for an assault upon one Sandy Woods with intent to kill. At the following October term he was tried and convicted of assault and battery. The testimony in substance is as follows : Woods had threatened on several occasions, for some real or pretended offense or indignity imposed on him by the accused, to shoot him, and these threats were communicated prior to the alleged assault to the accused. The assault was made in a public

street, in the presence of several witnesses, all of whom testify that the first words and the first and only blow were by the defendant. The defendant charged Woods with having "talked about him," which Woods replied " was a d—d lie." Whereupon the defendant struck a blow at Woods with his fist, which blow was parried by Woods, who, upon being struck, attempted to snatch a heavy stick from the hands of a bystander, as a means of defense, but failed. Defendant, immediately after the attempt by Woods to seize the stick, pulled a pistol from his pocket, a two barreled pistol, and fired at Woods, inflicting a painful and dangerous wound.

The indictment in effect charges that the accused " with a certain pistol, which said pistol was then and there a deadly weapon, loaded and charged with gunpowder and one leaden bullet, in and upon one Sandy Woods then and there being, feloniously, wilfully and of his malice aforethought, did make an assault, and he the said Victor Cachute, the said pistol so loaded and charged as aforesaid, at and against the said Sandy Woods, then and there being, did then and there feloniously, wilfully, and of his malice aforethought, shoot and discharge with intent in so doing, then and there and thereby feloniously, wilfully, and of his malice aforesaid, to kill and murder the said Sandy Woods, contrary to the form of the statute, and against the peace and dignity of the state of Mississippi."

After conviction and sentence, defendant moved the court to arrest the judgment for the following reasons :

1. Because the indictment fails to charge that the defendant committed an assault and battery upon Sandy Woods with a deadly weapon with intent to kill and murder.

2. Because there is no crime known to the common law charged in said indictment except a mere assault.

3. Because the verdict is not responsive to the crime or offense charged in the indictment.

4. Because there is no offense charged or made out against the

defendant under section 8 of article 18, Rev. Code of 1857, p. 575; and for various other defects to be shown, etc.

The motion in arrest of judgment was overruled, and the defendant moved the court for a new trial on the grounds that the verdict was contrary to the law and the evidence; that the court erred in its instructions to the jury; and that the verdict is virtually an acquittal of the offense charged. The case comes here by writ of error.

*Harris & George,* for plaintiff in error:

1. It does not appear that the indictment was presented to the court by the grand jury in the form required by law. Rev. Code of 1857, p. 614, art. 257; Pond v. The State, 47 Miss., 39. The fact must appear affirmatively of record. Greeson v. The State, 5 How., 33; McQuillen v. The State, 8 S. & M., 587; Green v. The State, 28 Miss., 687; Dyson v. State, 26 ib., 362.

2. The record shows no appearance, arraignment, nor plea; and this defect is certainly fatal. Arraignment cannot be waived by the accused in cases of felony. McQuillen v. The State, 8 S. & M., 587; Wilson v. The State, 42 Miss., 652.

The statute of jeofails cannot cure these defects. The Code, p. 622, cannot be applied to them, and the verdict which under the statute is considered as curing defects of any kind, is clearly a verdict upon the plea of not guilty. Here the verdict is a nullity because it does not appear to be on an issue at all.

*G. E. Harris,* Attorney General for the state.

1. The defense in the court below seems to have proceeded upon the theory of self-defense, predicated upon the prior threats of Woods to take the life of the accused, which, though proved to have been communicated to the accused, fall far short of furnishing a sufficient justification of the defendant's act. It is not enough that the party makes a threat against the life of another, and arms himself for the purpose of executing such threat, to justify the latter in slaying or attempting to slay the former. In cases of homicide, the rule is stated to be, that the bare fear of

danger or great bodily harm, unaccompanied by any overt act indicating a present intention to kill or injure, will not warrant a person in killing another.　There must be *actual danger at the time.* Dyson v. The State, 26 Miss., 362; Cotton v. The State, 31 ib., 504; Price v. The State, 36 ib., 531; Morris State Cases, 1179, note; Head v. The State, 44 ib., 731; Edwards v. State, 47 Miss., 582; Newcomb v. The State, 37 Miss., 383; State v. Scott, 4 Ired., 415.

2. Some of the instructions asked by accused and refused may have been correct rules of law and applicable to the facts of the case.　But the verdict being manifestly right on the evidence, and the true principles of law are contained in the instructions granted, this court will not disturb the judgment.　Head v. The State, 44 Miss., 752.

3. The indictment is framed under our statute, and does not depend upon the common law for a description of the offense charged. Rev. Code of 1857, p. 575, art. 18; Code of 1871, § 2497.　The indictment in charging the offense pursues the exact language used in the statute, and is therefore sufficient.　Sarah v. The State, 28 Miss., 267; also 13 S. & M., 468.　The indictment in the case at bar is sufficient under the common law, as established by the precedents.　See Archbold Cr. Pr. & Pl. (10th Lond. ed.), 446, 447; 2 Bishop Cr. Prac., 652.

4. The verdict is sufficient.　If the evidence does not sustain the particular intent charged, the jury may find the defendant guilty of a simple assault, or simple assault and battery.　2 Bish. Cr. Pro., 660, note (2d ed.); 1 Bish. Cr. Law, 807; 9 Ind., 363; 11 Tex., 120; 39 Me., 68; The State v. Burns, 8 Ala., 313; Mooney v. The State, 33 ib., 419; The State v. Phinney, 42 Me., 384.　See also 2 Bish. Cr. Pro. (2d ed.), 641 et seq; Gipson v. State, 38 Miss., 295; Rev. Code 1857, art. 305, p. 622.

SIMRALL, J., delivered the opinion of the court:

It is assigned for error first, that the record does not show that

the bill of indictment was presented to the court in the manner required by the statute.

All prosecutions must be conducted in the name and by the authority of the state. The appointed mode to bring offenders against the law to trial in the circuit courts is, to make a specific charge against them, in an indictment preferred by a grand jury, and by it returned into court.

It becomes important, therefore, to prevent fraud and imposition upon the court, in the initiation of prosecutions without proper authority, that the records should show that the accusation was made by a grand jury constituted as the law provides, and that the bill of indictment was brought by it into court, received and filed and thereby made a record of the court. Both the minutes of the court and the indictment constitute the record of a regular legal prosecution. The office of the former on the point we are considering, is to identify the indictment preferred by the grand jury, with the one upon which the arraignment, plea, trial, verdict and judgment were had.

The authorities are that the indictment must be brought into court by the grand jury as a body, or through their foreman, accompanied by the other jurors, or the requisite number. And the record must show this affirmatively. The cases are numerous. Laura v. State, 26 Miss., 176; Friar v. State, 3 How., 423, 4; Goodwin v. State, 4 S. & M., 535.

The amended transcript sent up in response to the writ of certiorari shows a proper organization of the court and of the grand jury, at the October term, 1869, of the Harrison circuit court. The original transcript contains in the caption, only the organization of the court at that term. Then immediately follows this recital: "Be it remembered, that heretofore, to wit, on the 22d of April, 1869, an indictment was filed in said court, in the words and figures following: *having been returned into court by the grand jurors in and for said county* at the April term thereof, 1869." Then follows a copy of the indictment and indorsements thereon.

The only evidence that the grand jury presented the indict-
ment in court at the April term, 1869, is the recital of the clerk,
made at the next succeeding term.    But it is not competent for
the clerk to certify, by way of recital, what transpired at a for-
mer term of the court.    The proceedings of that term, as actually
entered upon the records of the court, are the best and only evi-
dence of what occurred in a particular case, with the single
exception hereinafter referred to.

If authority were needed on so plain a point, it is supplied by
the case of McQuillen v. State, 8 S. & M., 596.  The question then
was, whether the defendant had been arraigned and plead.    The
entry was in these words: "This day came the plaintiff, by F.
Anderson, district attorney, and the defendant in his own proper
person, and the defendant having been arraigned at *the last term*
of this court, and pleaded not guilty, etc."  "It was incompe-
tent, says the court, for the clerk to make any entry of what had
transpired at a former term.    The consequence is that it does
not legally appear that the accused was ever arraigned."  See
also Pond v. State, 47 Miss., 41.

How is the question affected by §§ 2794 and 2795 of the Code
of 1871.    The former declares that all indictments must be pre-
sented to the court by the foreman of the grand jury,  *  *  in
the presence of at least twelve of such jury, including the fore-
man.  *  *  The latter provides that "No entry of an indict-
ment found shall be made on the minutes of the court, at the
term at which the same is found, unless the defendant is in actual
custody or on bail.  *  *  But such entry may be made in the
minutes of the court at any time after the appearance of the de-
fendant."

The first section recognizes the ancient practice: that the min-
utes of the court must show that the bill of indictment was
brought by the accusing grand jury into court.    The second post-
pones such entry upon the minutes until the accused has been
arrested and is either in custody or at large on bail or recogni-

zance. The purpose was to keep the indictment secret until after the arrest. Manifestly the statute does not dispense with a record upon the minutes of the fact, either at the term at which the indictment was found, or " at any time after the appearance of the accused," as the circumstances may be.

The defect in this transcript is, that it does not appear that an entry upon the minutes of the return of the indictment into court by the grand jury was ever made.

If the accused was neither in custody nor on bail at the April term, when the indictment was found, then it would be proper to omit a notice on the minutes of that term, of the action of the grand jury. But at some subsequent term, " after the appearance of the defendant," such an entry ought to have been made.

· The recital which we have quoted, introductory to the copy of of the indictment and the indorsements upon it, does not purport to be transcribed from the minutes of the court. In legal effect, the matter of it resided in the breast of the clerk, and there was no memorial of it on the record of the October term.

To have satisfied the 2795th section, the minutes ought to have contained, at the October term, a statement of the style of the case, and then an entry that the grand jury, at the April term, had returned into court, and through their foreman presented the bill of indictment, which, with its endowments, is as follows, and that this entry was not made at the April term, because the defendant was not then in custody, or under bail or recognizance. We do not present this as the form of the entry, but as setting forth what would be a substantial compliance with the law.

The statute intends the indorsements upon the indictment and the date of its filing, as furnishing sufficient evidence to justify such an entry upon the minutes of the court at a subsequent term.

There is not the sufficient and *competent* evidence demanded by the law, that the indictment upon which the plaintiff in error was tried, was returned into court by the grand jury at the April term, 1869.

The second assignment of error is also well made. It does not appear that the defendant was arraigned and pleaded to the indictment. This is absolutely necessary in cases of felony. McQuillen's case, 8 S. & M., 596. The plea must be in person, and not by attorney; if by attorney, it is no plea. Wilson v. State, 42 Miss., 641.

The palpable and frequent defects in the record of this trial, suggest the repetition of the observation which we have more than once made, that it is a reproach to those connected with the administration of criminal justice in the circuit courts, that they do not see to it that proper entries are made upon the minutes of the court of those things in the history of the cause required by law.

The judgment is reversed, and the indictment quashed.