343 So.2d 1060 (1977)
STATE of Louisiana
v.
John Henry LEE.
No. 58700.
Supreme Court of Louisiana.
March 18, 1977.
Rehearing Denied April 7, 1977.
*1061 Frank L. Koles, III, L. B. Ponder, Jr., Ponder & Ponder, Amite, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard E. Yokum, Dist. Atty., William M. Quin, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
The defendant was convicted of distribution of marijuana, La.R.S. 40:966 A, and sentenced to nine years at hard labor. We find no factual or legal merit to the seven specifications of error made by his brief:[1]
1. The alleged delay in allowing the appeal does not constitute the denial of speedy-trial rights. See State v. Lane, 302 So.2d 800 (La.1974).
2. Counsel for the defendant was held in contempt in a hearing outside the presence of the jury, because of his defamatory characterization of a state witness. The record does not reflect that thereby the defendant was denied the right to counsel nor the right to effective cross-examination.
3. We are unable to understand counsel's contention that the present conviction should be reversed because of a revocation of his probation from a sentence for a prior crime. Additionally, outside of argument by brief, the record itself does not reflect such revocation, nor is any such contention raised by any assignment of error filed in the trial court. See footnote 1.
4. The trial court did not abuse its discretion in denying a new trial sought on the basis of alleged newly discovered evidence that the accused could not have committed the offense because he was at work on that date. La.C.Cr.P. art. 851(3). Aside from the cumulative nature of the evidence offered[2] and the lack of sufficient showing that it would have affected the verdict, the showing made does not demonstrate, as required, an inability to have discovered the "new" evidence by the exercise of reasonable diligence before or during the trial itself. La.C.Cr.P. art. 854.
5. The defendant contends that the state did not adequately prove the chain of custody of the marijuana purchased by the testifying state trooper from the accused. The preponderance of the evidence sufficiently proves that the evidence presented at the trial is that which is connected with the case, since no circumstances are shown which cast doubt on this connexity.[3]State v. Marcell, 320 So.2d 195 (La.1975); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
6. In the absence of objection at the time the charge was given, the defendant's complaint that the charge to the jury was confusing does not present an issue reviewable on the appeal. See La.C.Cr.P. art. 841.
7. No impropriety is shown by the state's cross-examination of the defendant as to where he was on other specified dates, for the purpose of casting doubt upon the accuracy of his memory of precisely where he was on the date of the offense.[4]

Decree
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] We pretermit whether all of these errors are actually within the scope of the four assignments of error formally designated (Tr. 16) to the trial court. La.C.Cr.P. art. 844 (1974). Except for patent error, only such formally designated assignments may be reviewed on appeal. La.C.Cr.P. art. 920 (1974).
[2] Three witnesses had testified to this same effect at the trial, and the motion is based upon an allegation that two of these could more specifically prove their own trial testimony.
[3] After the purchase, the marijuana was sealed into an envelope identified by the officer's handwriting, and the testifying criminologist at the state police laboratory identified the marijuana he analyzed as that taken from the envelope so identified.
[4] The defendant's chief defense is that he was at work on the date of the offense and therefore could not have committed it.