377 So.2d 1067 (1979)
Joe Nathan STEWART
v.
STATE of Mississippi.
No. 51454.
Supreme Court of Mississippi.
December 12, 1979.
Rehearing Denied January 9, 1980.
A.R. Wright, Jr., Morris C. Phillips, Jr., Carthage, for appellant.
A.F. Summer, Atty. Gen. by Susan L. Runnels, Sp. Asst. Atty. Gen., Jackson, for appellee.
*1068 En banc.
SUGG, Justice, for the Court:
Defendant was convicted of burglary and sentenced to serve five years in the Mississippi Department of Corrections by the Circuit Court of Leake County. This was the second trial for defendant on the charge, the first having ended in a mistrial during the April, 1978 term of court because the jury could not agree on a verdict.
On February 21, 1978, Herman Pilgrim and his wife, Sylvia Ann Pilgrim, observed someone in their automobile as they approached it. The individual got out of the car as Pilgrim began shouting at him, came towards Pilgrim, then fled. Pilgrim gave chase without success. One CB radio and one AM-FM radio were stolen from Pilgrim's automobile. The interior of the car was damaged in removing one of the radios, and the intruder left a pair of needle-nosed pliers in the car. Later that night Pilgrim identified defendant as the intruder in a line-up at the police station.
Defendant assigns as error: (1) the trial court erred in overruling his demurrer, and (2) the trial court erred in allowing a prosecution witness to identify defendant in open court after identifying him in a highly suggestive station-house lineup.
Defendant's second trial was held on November 16, 1978, and on that date, he filed a demurrer attacking the indictment on the ground that the grand jury foreman did not make the affidavit required by section 99-7-9 Mississippi Code Annotated (Supp. 1978).[1] The trial judge overruled the demurrer and stated: "[T]he record will show all members of the grand jury were present at the time of their report to the court." The indictment did not contain the affidavit of the foreman of the grand jury that the indictment was concurred in by twelve or more members of the grand jury and that at least fifteen were present during all deliberations. However, this omission did not invalidate the indictment for two reasons.
First, the indictment was presented to the court in accord with the common law procedure. All members of the grand jury were present at the time of their report to the court. Cachute v. State, 50 Miss. 165, 2 Harris & Simrall (1874) and cases cited therein; special concurring opinion in McCormick v. State, 377 So.2d 1070 (Miss.).
Second, the indictment shows on its face that it was endorsed by the foreman, dated, signed and marked filed by the circuit clerk. The endorsement of the foreman together with the filing data endorsed on the indictment by the clerk was sufficient to withstand a demurrer. McCormick v. State, 377 So.2d 1070 (Miss.).
We therefore conclude that the trial judge properly overruled the demurrer.
In his second assignment of error defendant contends the trial court erred by permitting a prosecution witness, Herman Pilgrim, to identify defendant in court after he had identified defendant in a highly suggestive station-house lineup. Defendant *1069 argues that his identification in the lineup violated the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution because it was unduly suggestive and singled him out as a burglar. The basis for this contention is that there were only two black males in the lineup, defendant was the only one dressed in a waist length jacket which suggested he was the only black male properly attired to be outside in cold weather.
The question is, was the station-house identification of the defendant so impressibly suggestive it violated due process? It is important to conduct the lineup fairly without pointing to a suspect by suggestive procedures which may result in identifying the wrong person. Justice Powell, in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), observed that suggestive confrontations increased the likelihood of mis-identification and, therefore, necessitate a determination of whether, under the "totality of the circumstances," a reliable identification was made even though the confrontation procedure was suggestive. In evaluating the likelihood of mis-identification, the court listed five factors to be considered. They are: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. See also, Scott v. State, 359 So.2d 1355 (Miss. 1978).
The Neil factors as applied to this case are:
1. The witness had the opportunity to view the burglar. Herman Pilgrim testified that he observed someone in the automobile as he approached it. The burglar exited the car, ran towards the front of it, but turned towards Pilgrim when Pilgrim yelled at him. Pilgrim stated that they were under a bright street light approximately six feet from each other. He further testified that he noticed the burglar's facial features, and that he had on a cap and a "lightish, bluish looking" waist length jacket.
2. This is not a case entailing a casual observer, but a situation where the witness confronted the burglar face to face at a distance of approximately six feet with the witness closely observing the burglar in an area illuminated by a street light.
3. Pilgrim did not describe a burglar to the law enforcement officers, but testified he was able to observe the burglar's facial features, and described the burglar's attire.
4. Pilgrim did not exhibit uncertainty in either his out-of-court or in-court identification, but displayed a strong level of certainty.
5. The time between the burglary and the lineup was brief, not more than several hours. The time lapse was not long enough to cloud the memory of the witness.
Despite a suggestive lineup, we conclude from the totality of circumstances Pilgrim's in-court identification of the defendant possessed the requisite degree of reliability and was properly admitted. The defendant was identified by a witness who viewed him directly at the scene of the crime in a well lighted area at a distance of about six feet. The witness further described the clothing worn by the burglar at the time of the incident.
The in-court identification of the defendant as the burglar was properly permitted and was not reversible error.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and BROOM, BOWLING and COFER, JJ., concur.
PATTERSON, C.J., and LEE and WALKER, JJ., dissent.
LEE, Justice, dissenting:
I dissent from the majority opinion for the reasons set forth in my dissenting opinion *1070 in Jackson v. State, 377 So.2d 1060 (Miss.) this day decided.
PATTERSON, C.J., and WALKER, J., join this dissent.
NOTES
[1] All indictments and the report of the grand jury must be presented to the court by the foreman of the grand jury or by a member of such jury designated by the foreman, with the foreman's name endorsed thereon, accompanied by his affidavit that all indictments were concurred in by twelve (12) or more members of the jury and that at least fifteen (15) were present during all deliberations, and must be marked "filed," and such entry be dated and signed by the clerk. It shall not be required that the body of the grand jury be present and the roll called. An entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the endorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment. Unless the party indicted be in custody or on bond or recognizance entry of the indictment otherwise than by its number shall not be made at any time or for any purpose on the minutes or on any docket, nor shall any publicity be given to the fact of the existence of the indictment; but it shall never be made an objection to the indictment that it was improperly entered on the minutes or docket. A warrant for the person indicted shall immediately issue and be served on the person so indicted. After the arrest of the person indicted, and prior to arraignment, a copy of the indictment shall be served on such person.