377 So.2d 1070 (1979)
Hardy F. McCORMICK, Jr.
v.
STATE of Mississippi.
No. 51447.
Supreme Court of Mississippi.
December 12, 1979.
Rehearing Denied January 9, 1980.
Thomas D. Lee, Forest, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and BROOM and COFER, JJ.
ROBERTSON, Presiding Justice, for the Court:
Hardy F. McCormick, Jr. was indicted by the grand jury of the Circuit Court of Scott County for selling marijuana. After a full trial, the jury returned a verdict of guilty, and the court sentenced him to a term of four years in the penitentiary, one year to be suspended upon payment of a fine of $3,000.
McCormick assigns as error:
I. The trial judge erred in refusing to grant appellant a new trial when the verdict of the jury was against the overwhelming weight of the evidence *1071 and indicated passion, prejudice and bias on the part of the jury.
II. The court erred in refusing to sustain a demurrer to the indictment when said indictment was not accompanied by the affidavit of the foreman as required by Mississippi Code Annotated section 99-7-9 (1978 Supp.).
The facts are somewhat bizarre. McCormick was a member of a band that included Joe Reed, Sid Hopper and Sandra Fowler. The band was performing at the time at a night club in Meridian. Reed, Hopper and Fowler lived together in a rented house about 10 miles north of Forest, Mississippi, and all three testified that they were present when the alleged sale of marijuana took place on January 19, 1978. A few days later the band broke up. McCormick filed charges against Hopper, alleging larceny of an amplifier. Hopper was arrested and Reed and Fowler bailed him out of the county jail. After bond was made, Joe Reed swore out an affidavit against McCormick in Justice of the Peace Wilkerson's court, charging that McCormick had sold Hopper, Reed and Fowler a package of marijuana of less than one kilo on January 19, 1978. Wilkerson advised them that he would not issue a warrant for McCormick's arrest until the evidence was in hand. Reed, Hopper and Fowler then left the Justice of the Peace court and returned in about 20 minutes with approximately 1/2 ounce of marijuana. Whereupon, an arrest warrant was issued, McCormick was arrested and later indicted for the crime of selling marijuana.

I.
The testimony of Reed, Hopper and Fowler was uncontradicted that McCormick sold them one ounce of marijuana for $12 on January 19, 1978. McCormick did not testify. On cross-examination, all three admitted that they were angry with McCormick for having filed charges against Hopper and all three admitted that they were not model, law-abiding citizens. All three admitted that they had smoked some of the marijuana they had purchased from McCormick. Hopper admitted living with Sandra Fowler when she was 17 years old without the benefit of clergy. Joe Reed had been convicted three times for the possession of marijuana and Hopper once.
The defense called only one witness, Henry Crawford, who testified that he rented the house where Reed, Fowler and Hopper lived to Hopper and Fowler, that it was 10 miles from Forest and that it ordinarily took him about 30 minutes to make the round trip from Forest to the rented house. However, the witness admitted that if someone were in a hurry he could make the round trip in 20 minutes.
In Stubbs v. State, 311 So.2d 339 (Miss. 1975), this Court said:
"[The jury] is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. When as here, they have done so, we will not set aside a verdict of guilty unless it is clearly a result of bias, passion, prejudice, fraud or manifestly against the weight of the evidence." 311 So.2d at 342.
The jury obviously believed the uncontradicted testimony of Joe Reed, Sid Hopper and Sandra Fowler, even though their motives were impugned, their character somewhat tarnished, and their credibility questioned. The jury was "the sole judge of the credibility of the witnesses and the weight to be given to their testimony." Their testimony of the sale of the marijuana was uncontradicted. There is no merit in this assignment of error.

II.
McCormick next contends that the lower court erred in overruling his demurrer to the indictment because the indictment was not accompanied by the foreman's affidavit as required by Mississippi Code Annotated section 99-7-9 (1978 Supp.), which statute reads as follows:
"§ 99-7-9. Presentment  entry on minutes of court  warrant to issue  copy of indictment to be served on defendant.
All indictments and the report of the grand jury must be presented to the *1072 court by the foreman of the grand jury or by a member of such jury designated by the foreman, with the foreman's name endorsed thereon, accompanied by his affidavit that all indictments were concurred in by twelve (12) or more members of the jury and that at least fifteen (15) were present during all deliberations, and must be marked `filed,' and such entry be dated and signed by the clerk. It shall not be required that the body of the grand jury be present and the roll called. An entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the endorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment. Unless the party indicted be in custody or on bond or recognizance entry of the indictment otherwise than by its number shall not be made at any time or for any purpose on the minutes or on any docket, nor shall any publicity be given to the fact of the existence of the indictment; but it shall never be made an objection to the indictment that it was improperly entered on the minutes or docket. A warrant for the person indicted shall immediately issue and be served on the person so indicted. After the arrest of the person indicted, and prior to arraignment, a copy of the indictment shall be served on such person." (Emphasis added).
This statute before the amendment of 1977 read:
"All indictments must be presented to the court by the foreman of the grand jury, with his name endorsed thereon, in the presence of at least twelve (12) of such jury, including the foreman, and must be marked `filed,' and such entry be dated and signed by the clerk. An entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the endorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment. Unless the party indicted be in custody or on bond or recognizance entry of the indictment otherwise than by its number shall not be made at any time or for any purpose on the minutes or on any docket, nor shall any publicity be given to the fact of the existence of the indictment; but it shall never be made an objection to the indictment that it was improperly entered on the minutes or docket. A warrant for the person indicted shall immediately issue and be served on the person so indicted. After the arrest of the person indicted, and prior to arraignment, a copy of the indictment shall be served on such person."
Chapter 307 of the General Laws of Mississippi of 1977, which was the Act amending old section 99-7-9, is styled:
"AN ACT to amend Section 99-7-9, Mississippi Code of 1972, to provide that only the foremen of grand juries need by present to return indictments; and for related purposes." (Emphasis added).
The language added by this Act of the Legislature to Section 99-7-9 was:
"... and the report of the grand jury ... or by a member of such jury designated by the foreman, . ., accompanied by his affidavit that all indictments were concurred in by twelve (12) or more members of the jury and that at least fifteen (15) were present during all deliberations, ... It shall not be required that the body of the grand jury be present and the roll called... ."
The language omitted in the amending Act was:
"..., in the presence of at least twelve (12) of such jury, including the foreman, ..."
It is obvious that the purpose and intent of the Legislature in amending 99-7-9 was to do away with the necessity of having at least 12 members of the grand jury, including the foreman, physically present in court when each and every indictment was returned to the court. In our view, the amendment simply provided for *1073 an easier alternate method by which the results of the grand jury's deliberations could be made known to the court. It does not invalidate the old laborious method of having at least 12 members of the grand jury physically present when each and every indictment is returned into court.
In overruling the demurrer to the indictment, the trial court stated into the record:
"Now, Mr. Lee, on your Demurrer. The Court considers the form of filing the indictment as directory and not mandatory. This is especially true since at the Conference of Judges, this matter was discussed. Several, if not a majority, of the Judges have indicated to me they follow the old procedure. The entire Grand Jury was before the Court and filed the indictments. I fail to see any prejudice to a Defendant resulting from the entire Grand Jury filing a report rather than just the Foreman. The Foreman was present, and he did file the indictments. So, the Demurrer is overruled. Bring in the jury." (Emphasis added).
In 1933, in Temple v. State, 165 Miss. 798, 145 So. 749, this same question was presented to this Court in a motion to quash the indictment. This Court said:
"It is insisted by the appellant that the court erred in not sustaining his motion to quash the indictment. This motion was based on an affidavit of the appellant that the indictment was not concurred in by twelve legal, uninterested, qualified grand jurors, and that the district attorney appeared, and was present during the deliberation of the grand jury and at the time they voted on the indictment when he was not required so to do by the grand jury. Appellant made no effort to present any evidence in support of his motion and affidavit, and the state offered none, whereupon the court overruled it, and cites Beason v. State, 34 Miss. 602, Barney v. State, 12 Smedes & M. 68, and other authorities to the effect that it is necessary that twelve members of the grand jury concur in the finding of an indictment. Generally, the return of an indictment into court raises the presumption that all the necessary legal requisites have been complied with. 31 C.J. 585, section 49. Section 1197, Code 1930, is a rescript of the common law, and requires that at least twelve of the jurors concur in the finding of an indictment. Section 1198, Code 1930 [§ 99-7-9, Code of 1972], requires that `all indictments must be presented to the court by the foreman of the grand jury, with his name indorsed thereon, in the presence of at least twelve of such jury, including the foreman, and must be marked "filed," and such entry be dated and signed by the clerk; and an entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the indorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment.' In the case at bar, the foreman of the grand jury and the clerk of the court performed their duty as required by this statute and as shown by the indictment.
"The indictment in question was marked `filed' and it was upon the movant to show contrary to the record in the case, if indeed there was any kind of evidence he could have offered in contradiction of the record. The presentment of the indictment in court in the presence of the other grand jurors implies a concurrence of the requisite number, and the statute is plain and unequivocal. The legal evidence of the concurrence of twelve or more of the grand jurors in finding and presenting the indictments is fully established by the signing thereof on the part of the foreman and the marking of it `filed' by the clerk of the court. If appellant had offered competent evidence to show that twelve grand jurors did not concur in finding the indictment and presenting the same, then the question would be presented to this court as to whether or not the statute by its terms, cut off all inquiry of this nature. The burden of proof was on the movant, and has been since 1857, when the statute quoted above *1074 in this behalf was first enacted. The affidavit, if it had been sufficient to raise the question argued here, is no proof of the facts therein alleged. The court correctly overruled the motion to quash." 165 Miss. at 804-06, 145 So. at 750-51. (Emphasis added).
Temple is still the law in Mississippi. The holdings of this Court in Temple have not been overruled, invalidated, impaired or even distinguished in any respect. In Temple, the challenge was by a motion to quash, supported by the affidavit of Temple. In the case at bar, only a demurrer to the indictment was filed. A demurrer admits all facts well pleaded and the indictment in the record shows on its face that it was endorsed by the foreman, and marked, dated, signed and filed by the circuit clerk.
The amended statute (§ 99-7-9) which became effective July 1, 1977, still provides as did the old statute in effect since 1857:
"An entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the endorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment." (Emphasis added).
In Temple, this Court said:
"The legal evidence of the concurrence of twelve or more of the grand jurors in finding and presenting the indictment is fully established by the signing thereof on the part of the foreman and the marking of it `filed' by the clerk of the court." 165 Miss. at 805-06, 145 So. at 751.
In addition, in the case at bar, the trial court stated into the record:
"The entire Grand Jury was before the Court and filed the indictments. I fail to see any prejudice to a Defendant resulting from the entire Grand Jury filing a report rather than just the Foreman."
As was said in Temple:
"The burden of proof was on the movant, and has been since 1857, when the statute quoted above in this behalf was first enacted. The affidavit, if it had been sufficient to raise the question argued here, is no proof of the facts therein alleged. The court correctly overruled the motion to quash." 165 Miss. at 806, 145 So. at 751.
In the case at bar, no proof of prejudice whatsoever was offered nor could any have been offered, because the test was by demurrer only.
This language carried forward from the old statute into the new statute also sheds light on the intent and purpose of the Legislature:
"Unless the party indicted be in custody or on bond or recognizance entry of the indictment otherwise than by its number shall not be made at any time or for any purpose on the minutes or on any docket, nor shall any publicity be given to the fact of the existence of the indictment; but it shall never be made an objection to the indictment that it was improperly entered on the minutes or docket." (Emphasis added).
Because of the very explicit language of the statute itself brought forward continuously since 1857 and the fact that the record itself reflects that "The entire grand jury was before the Court and filed the indictments," thus showing full compliance with the old, more laborious method of presenting indictments, and the fact that there was no proof whatsoever of prejudice to the defendant, the trial court was correct in overruling the demurrer to the indictment.
There being no prejudicial error shown, the conviction and sentence are affirmed.
This case was considered by a conference of the judges en banc.
AFFIRMED.
SMITH, P.J., and SUGG, BROOM, BOWLING and COFER, JJ., concur.
SUGG and BROOM, JJ., specially concur.
PATTERSON, C.J., and WALKER, J., dissent.
LEE, J., took no part.
*1075 SUGG, Justice, specially concurring:
I concur in the majority opinion but suggest that indictments may be presented either under the statutory or the common law procedure.
The statutory method of presenting an indictment to the court is satisfied when the foreman of the grand jury, or a member of the grand jury designated by the foreman, presents the indictment to the court with the foreman's name endorsed on the indictment accompanied by his affidavit that the indictment was concurred in by twelve or more members of the jury and at least fifteen were present during all deliberations. Section 99-7-9 Mississippi Code Annotated (1978 Supp.); Mississippi General Laws, Ch. 307 (1977).
Before the 1977 amendment, indictments were required to be presented to the court by the foreman of the grand jury, in the presence of at least twelve of the grand jurors, including the foreman. This statutory method of presenting an indictment to the court was merely a rescript of the common law. It was first enacted as Chapter 64, Article 257 Mississippi Code of 1857 and remained virtually unchanged until the 1977 amendment.
Before the enactment of Chapter 64, Article 257, Code of 1857, indictments were presented to the court in accordance with the common law. The common law procedure for presenting indictments was described in Cachute v. State, 50 Miss. 165, 2 Harris and Simrall (1874) in the following language:
The authorities are that the indictment must be brought into court by the grand jury as a body, or through their foreman, accompanied by the other jurors, or the requisite number. And the record must show this affirmatively. The cases are numerous. Laura v. State, 26 Miss. 176; Friar v. State, 3 How. 423, 4; Goodwin v. State, 4 S. & M. 535. (50 Miss. at 169).
Although Cachute was decided after the statute was adopted in 1857 prescribing the manner of presenting an indictment to the court, the quoted statement referred to the common law method of presenting an indictment to the court. Cachute cites three cases decided before the 1857 statute. In Friar v. State, 4 Miss. 422, 3 How. 422 (1839), the Court held that an indictment presented in open court by the grand jury was sufficient. The cases of Goodwin v. State, 12 Miss. 520, 4 S. & M. 535 (1845), and Laura (a slave) v. State, 26 Miss. 174 (1853), referred to presentment of an indictment in open court by the grand jury as being the proper procedure for presenting an indictment. Although the earlier cases do not set forth in detail the procedure for presenting an indictment under the common law, these cases at least indicate that an indictment presented in open court by the grand jury was sufficient.
Section 99-7-9 as amended in 1977 provides in part: "It shall not be required that the body of the grand jury be present and the roll called ..."
This language leads me to the conclusion that the legislature intended to retain the common law procedure of presenting indictments to the court as an alternative method. In my opinion, indictments may be presented either in compliance with the statute or the common law.
BROOM, J., joins in this opinion.
WALKER, Justice, dissenting:
I dissent from the majority opinion for the reasons set forth in the dissenting opinion of Justice Lee in Jackson v. State, 377 So.2d 1060 (Miss.) this day decided.
PATTERSON, C.J., joins in this dissent.