392 So.2d 205 (1980)
Homer ATKINSON
v.
STATE of Mississippi.
No. 52227.
Supreme Court of Mississippi.
November 26, 1980.
Rehearing Denied January 21, 1981.
*206 Morris C. Phillips, Jr., A.R. Wright, Jr., Carthage, for appellant.
Bill Allain, Atty. Gen. by Mark A. Chinn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and WALKER and BROOM, JJ.
BROOM, Justice, for the Court:
Manslaughter conviction and sentence of twenty years imprisonment resulted from Homer Atkinson's (defendant's) trial in the Circuit Court of Leake County. On appeal he argues that (1) the indictment was insufficient for failure to have accompanying it the grand jury foreman's affidavit that it was concurred in by twelve members when fifteen grand jurors were present, (2) the evidence was insufficient, (3) he was not granted a speedy trial, and (4) the prosecutor's jury argument contained erroneous remarks. We affirm.
Culpable negligence in the operation of a motor vehicle is the gist of the indictment at issue. Mississippi Code Annotated § 97-3-47 (1972).[1] Facts established by the evidence are as follows: On March 17, 1978, at night, the defendant was driving a pick-up truck North on Highway 35, a two-lane state highway. He drove his truck out into the South-bound lane to pass another vehicle and, in so doing, collided head-on with a South-bound Toyota in which Patricia Wooten was riding. As a result of injuries suffered in the collision, Patricia died. Scene of the collision was at a place where the highway was virtually a flat straight-a-way for about a mile. The highway patrolman who investigated the accident found no skid marks that would indicate application of brakes. Tire tracks observed by the officer were on the shoulder off the West side of the South-bound lane and veered off the highway where the two vehicles came to rest nose-to-nose. The Toyota was almost off the paved portion of the highway. Other facts and testimony will be set forth as needful in this opinion.
The argument that the indictment is defective for its failure to be accompanied by the foreman's affidavit lacks persuasion. In a number of instances we have held that the foreman's endorsement upon the indictment along with the filing data of the clerk is sufficient to withstand demurrer. McCormick v. State, 377 So.2d 1070 (Miss. 1980); Shaw v. State, 378 So.2d 631 (Miss. *207 1979); Stewart v. State, 377 So.2d 1067 (Miss. 1979); Jackson v. State, 377 So.2d 1060 (Miss. 1979).
Next legal proposition argued relates to the sufficiency of the evidence. Pertinent here is the testimony of a Mr. Vowell who was travelling South on the highway immediately behind the Toyota in which Patricia Wooten was riding. According to Vowell there were two sets of headlights approaching in the lane for North-bound traffic when suddenly one set of the headlights pulled out to pass and that car collided with the Toyota in the South-bound lane. To the same effect was the testimony of Mrs. Vowell, and her testimony established that the passing vehicle (the defendant's pick-up truck) never overtook the vehicle that he was attempting to pass although, according to her, he could have moved back over into the lane behind the car he was attempting to pass. We think the testimony establishes, and the jury must have found, that the defendant remained on a collision course for several seconds when he had an opportunity and sufficient time to leave the collision course and go back into his own proper and legal traffic lane. Under these circumstances, the defendant's failure to make any attempt to go back into his proper North-bound lane or take some other steps in order to avoid the tragic collision was sufficient to sustain the conviction for culpable negligence. This is especially true but even more so when considered together with the doctor's testimony that in the hospital examining room the defendant smelled of alcohol and had a slurred speech. In addition to this is the testimony of Dr. Hume who analyzed the defendant's blood sample and found .083% alcoholic content.
According to Dr. Hume's testimony a detrimental causal effect on mental and physical capabilities of an operator of an automobile results from an alcoholic content of .08%. Dr. Hume testified, "It has been established that .08% does affect a driver of a vehicle in that it does act on the central nervous system, the brain slowing down, reflexes affecting judgment, and sometimes even vision at .08% is affected." It is note-worthy here that defendant's blood sample was not obtained until over two hours after the accident. Scarborough v. State, 261 So.2d 475, 477 (Miss. 1972).
Because the defendant's wife and child were with him when the accident occurred, he says that it is unreasonable to believe that he would willfully injure his wife and child, much less the victim. Of course the defendant is not charged with willful manslaughter; the charge under the statute is that he slayed the victim by culpable negligence. The jury rejected his argument. Another contention of the defendant is that there was no direct evidence establishing that he was operating the pick-up truck when the accident occurred. The jury had before it the evidence of Officer Stokes who testified that shortly after the accident occurred, he found the defendant's boot lodged under either the brake or clutch pedal. Other testimony established that the occupants of the pick-up truck were pulled from the passenger side of the pick-up as follows: "They got the woman out first, and then they got the little girl out, and then they got the man out." These facts would justify the jury to infer that the driver was the appellant and that the only other person capable of driving was seated next to the passenger door. Simmons v. State, 301 So.2d 565, 568 (Miss. 1974); Campbell v. State, 278 So.2d 420 (Miss. 1973); McLelland v. State, 204 So.2d 158 (Miss. 1967).
It is true that the testimony of Mr. Vowell was somewhat impeached when it was revealed that he had been convicted of a crime which he had denied on the witness stand. Nevertheless, the jury's function was to pass upon the credibility of this witness as well as the others, and our review of the record establishes that the evidence was sufficient to sustain the defendant's conviction of manslaughter.
Another proposition argued is that the trial court committed error in overruling the defendant's motion to be dismissed from the charge because more than 270 days had passed since the defendant had *208 been arraigned. Mississippi Code Annotated § 99-17-1 (Supp. 1976). There is no merit to this argument because the defendant's first trial took place within the time limit of § 99-17-1 and during the same term of his indictment and arraignment. His arraignment and first trial were in April of 1978 at which time he was convicted and appealed. We reversed on June 22, 1979, and then on November 19, 1979, he was again convicted at his second trial. As has been held specifically in other jurisdictions the right to a speedy trial does not extend to the appeal. State v. Lee, 343 So.2d 1060 (La. 1977); State v. Rhodes, 308 So.2d 770 (La. 1975); State v. Lane, 302 So.2d 880 (La. 1974). There cannot be any merit to the argument that the delay here was not for a good cause when the delay came about on account of the appeal of the defendant and clearly the delay inured to his benefit. Smith v. State, 220 So.2d 313 (Miss. 1969).
Lastly, the appellant argues that he is entitled to reversal on account of improper and inflammatory arguments made by the prosecutor to the jury. Our review of the record in this respect does not reveal that the prosecutor's remarks fall within any of the classes of cases for which reversal had been ordered in our past decisions. Upon the evidence presented it is not reasonable that any jury upon hearing the evidence in this case could have reached any other verdict than that which was rendered. The defendant's driving in the wrong lane of traffic obviously, as the jury found, caused a head-on collision at a place where there were no skid marks or any indication at all that he made any attempt to reduce his speed or get back in the proper lane of traffic. His actions were clearly culpable negligence within the purview of § 97-3-47, supra, and affirmance must be ordered.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P.JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Atkinson's previous conviction was reversed because a juror failed to properly respond to a question during her voir dire examination. Atkinson v. State, 371 So.2d 869 (Miss. 1979).