[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 257 
¶ 1. Toran Morris was indicted and pled guilty to the crime of grand larceny. Morris was sentenced to five years under the supervision of the Mississippi Department of Corrections. However, instead of incarceration, Morris was placed on the intensive supervision house arrest program, as well as being required to pay fines and restitution. If Morris successfully completed the house arrest program, he would serve four additional years of supervised probation. Regardless, Morris failed to meet the requirements of the intensive supervision house arrest program; therefore, house arrest was revoked, and Morris was placed in the custody of the Department of Corrections. Morris was granted the right to file an out-of time appeal with this Court, and the following is a verbatim statement of the issues as presented by Morris in his prose appeal: (1) appellant Morris's right to effective counsel at pre-trial and (right to be heard by either counsel or himself) at the supposed revocation hearing was denied, thus, the Oktibbeha County Circuit Court's November 13, 1998's order was in error, and (2) appellant Morris was improperly denied reinstatement of his intensive supervised probation. Finding the issues to be without merit, we accordingly affirm the decision of the trial court.
 FACTS
¶ 2. On October 21, 1997, after entering a guilty plea for the crime of grand larceny, a sentencing order was entered by the trial court. The order sentenced Morris to five years in the custody of the Mississippi Department of Corrections; however, this sentence was suspended contingent on Morris's completion of one year under the intensive supervision house arrest program, as well as the payment of fines and restitution. Upon satisfactory completion of the house arrest program the trial court would place Morris on supervised probation for four years. The house arrest program and probation were conditioned upon Morris agreeing and complying with several conditions.
¶ 3. The trial judge informed Morris of several conditions that would have to be satisfied by Morris to continue the house arrest program and obtain probation. Among other conditions, Morris was required to submit to drug tests to make sure he was not using any illegal drugs. During his house arrest, Morris submitted to a urine drug test. The result was positive for cocaine use. On February 23, 1998, a Rule Violation Report (RVR) was filed by officer Johnny Hancock and Morris's house arrest was revoked. Subsequently, on June 10, 1998, Morris filed a petition requesting relief under the administrative remedy process.
¶ 4. The Administrative Remedy Program (ARP) has several guidelines to follow before an "ARP" is accepted and reviewed. Among those requirements is the prerequisite that the letter must be sent within thirty days of an alleged event; however, Morris's request was past the thirty day expiration date.
¶ 5. Morris argued in his appeal to the ARP that he had been denied a right to a *Page 258 
hearing on the revocation of house arrest and denied the right to examine the urine analysis test results. In the record, Morris represents that on July 16, 1998 he received a response from the ARP. Larry Hardy, legal claims adjudicator for the MDOC, notified Morris that his request had been rejected because of a time lapse of more than thirty days (i.e., more than thirty days from the RVR). On July 18, 1998, Morris appealed from this denial; however, this Court is unable to find any further information regarding the outcome of this appeal to the ARP. Nevertheless, it appears that either no response was received or another denial was received because on August 28, 1998 Morris filed a petition in the Circuit Court of Oktibbeha County seeking relief. The trial judge held that the motion was not well taken and denied relief to Morris without the necessity of a hearing.
 DISCUSSION I. APPELLANT MORRIS'S RIGHT TO EFFECTIVE COUNSEL AT PRE-TRIAL AND (RIGHT TO BE HEARD BY EITHER COUNSEL OR HIMSELF) AT THE SUPPOSED REVOCATION HEARING WAS DENIED, THUS THE OKTIBBEHA COUNTY CIRCUIT COURT'S NOVEMBER 13, 1998'S ORDER WAS IN ERROR. II. APPELLANT MORRIS WAS IMPROPERLY DENIED REINSTATEMENT OF HIS INTENSIVE SUPERVISED PROBATION.
¶ 6. Although there are several portions of Morris's arguments presented in his briefs that are incoherent and confusing, this Court will address those issues which are cognizable. In Morris's summary of the argument, he argues that he "had a right to have the formal defect in his indictment cured during pre-trial such as those who are similarly situated. Further, [he] had a right to be heard by effective counsel or either by himself at a supposed revocation hearing." Additionally, Morris argues that the entry of his guilty plea to the crime of grand larceny was not voluntary and that at the plea hearing he received ineffective assistance of counsel. This Court finds that the issues relative to any alleged defect in his indictment and claim of ineffective assistance of counsel are procedurally barred. "Before an issue may be assigned and argued here, it must first have been presented to the trial court. Where the issue has not been timely presented below, it is deemed waived. The point is thus said to be procedurally barred when urged here." Miss. Code Ann. § 99-39-21 (1) (Rev. 1994); seealso Read v. State, 430 So.2d 832, 838 (Miss. 1983). In the case at bar, Morris failed to present the argument of defective indictment and ineffective assistance of counsel on appeal to the trial judge for a ruling in his initial motion, and he may not present it for the first time on appeal. Ford v. State,708 So.2d 73, 74 (Miss. 1998) (in a footnote the court notes that if an appellant asserts ineffective assistance of counsel on appeal to this Court, this issue would only be barred if the appellant failed to first assert such issue to the trial court on appeal.);see also Moore v. State, 676 So.2d 244, 245 (Miss. 1996) (stating that when an individual has a "meaningful opportunity" to raise an issue on direct appeal but does not do so they are procedurally barred as having waived that issue unless they show cause or actual prejudice). Even though procedurally barred, the Court will briefly address the issues of an alleged defective indictment and ineffective assistance of counsel.
¶ 7. Morris argues that the indictment was defective because it "was not accompanied by an affidavit of the foreman of the Grand Jury, whereas it should have been concurred in by twelve (12) or more members of the jury and that at [least] fifteen were present during all deliberation pursuant to Section 99-7-9 [of the Miss. Code Annotated (1972)]." Morris is correct that Miss. Code Ann. §99-7-9 does require that indictments "be presented to the court by the foreman of the grand jury *Page 259 
or by a member of such jury designated by the foreman, with the foreman's name endorsed thereon, accompanied by his affidavit that all indictments were concurred in by twelve (12) or more members of the jury and that at least fifteen (15) were present during all deliberations. . . ."; however, an affidavit executed by the grand jury foreman need not be attached to the indictment in all situations for the indictment to be valid. Miss. Code Ann. § 99-7-9
(Rev. 1994). Mississippi Code Annotated § 99-7-9 (Rev. 1994) also states: "the endorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment." In McCormick v. State, 377 So.2d 1070, 1071 (Miss. 1979), the issue of whether an indictment was valid without an affidavit from the grand jury foreman was once again presented for decision by the Mississippi Supreme Court. In McCormick, the Mississippi Supreme Court quoted Temple v. State, 165 Miss. 798,145 So. 749, 751 (1933), where the court said the following: "The legal evidence of the concurrence of twelve or more of the grand jurors in finding and presenting the indictment is fully established by the signing thereof on the part of the foreman and the marking of it `filed' by the clerk of the court."McCormick, 377 So.2d at 1074. In the case at bar, the indictment was signed by the grand jury foreman, as well as having been marked, dated, and signed by the clerk. Additionally, Morris has failed to prove how the absence of the affidavit prejudiced him. Miss. Code Ann. § 99-39-21 (4) and (5) (Rev. 1994). Furthermore, this Court notes in the case of Brooks v. State, 573 So.2d 1350, 1354 (Miss. 1990), the Mississippi Supreme Court held that an argument asserting defectiveness of an indictment based on the lack of an accompanying affidavit from the grand jury foreman is a non-jurisdictional defect which is waived when the defendant enters a voluntary guilty plea and has failed to assert a timely claim in the trial court. This Court acknowledges that Morris has also raised the issue of his guilty plea not being knowing and voluntary; however, for the reasons discussed below this Court has determined that his plea was valid and is not an obstacle to the aforementioned determination of the present issue. Based on the reasons mentioned above, we find that Morris was not prejudiced by the absence of the affidavit or his attorney's alleged failure to object to such; therefore, this issue is without merit. Next, this Court addresses the issue of whether Morris had ineffective assistance of counsel.
¶ 8. To prevail on the issue of whether his defense counsel's performance was ineffective requires a showing that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). This test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss. 1994). There is a strong but rebuttable presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id. Accordingly, appellate review of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689. "The deficiency and any prejudicial effect are assessed by looking at the totality of the circumstances." Carney v. State, 525 So.2d 776, 780 (Miss. 1988). When this Court reviews the totality of the circumstances revealed in the record we find that Morris has failed to meet his burden and substantiate the facts argued essential to proving deficiency and prejudice. Morris contends his attorney prejudiced him at the guilty plea hearing because of the following dialogue that occurred between the trial judge and his attorney: *Page 260 
 BY THE COURT: Do you know of any reason why the Court should not accept the defendant's guilty plea?
 BY MR. BROWN: No, your Honor.
The previous dialogue without more is insufficient to show prejudice or ineffective assistance of counsel. The next issue presented on appeal by Morris is whether his guilty plea was voluntary and knowing.
¶ 9. The question of whether a plea was voluntarily and knowingly made is a question of fact. Morris bears the burden of proving by a preponderance of the evidence that he is entitled to relief.McClendon v. State, 539 So.2d 1375, 1377 (Miss. 1989). It is important to remember that the remedy which is being sought is to set aside a final judgment which has been entered upon a plea of guilty given in open court, following the thorough efforts of a trial judge to ensure that such plea is knowing and voluntary.
¶ 10. If the defendant is advised regarding the nature of the charge against him and the consequences of the entry of the plea, it is considered "voluntary and intelligent." Alexander v. State,605 So.2d 1170, 1172 (Miss. 1992); see also Wilson v. State,577 So.2d 394, 396-97 (Miss. 1991). In other words, the defendant must be instructed that a guilty plea waives his rights to a jury trial, to confront adverse witnesses, and protection against self-incrimination. Alexander, 605 So.2d at 1172. Additionally, the Mississippi Supreme Court in Roland v. State, 666 So.2d 747, 751 (Miss. 1995), relied on the holding in Alexander v. State,605 So.2d 1170, 1172 (Miss. 1992), for the premise that an evidentiary hearing regarding voluntariness to a guilty plea becomes necessary if the plea hearing fails to show that the petitioner was advised of the rights of which he allegedly asserts ignorance. In Morris's brief to this Court, he only vaguely asserts that he was confused as to what he was entering a plea of guilty. This Court finds a lack of confusion on behalf of Morris during the guilty plea hearing.
¶ 11. The record reveals that the trial judge sufficiently questioned Morris as to his understanding of the effect of his guilty plea relative to his rights and possible sentence prior to accepting his plea. Additionally, Morris was not only informed of the crime he was being charged with at the guilty plea hearing and the consequences and deprivation of his rights therefrom, he also signed a guilty plea petition prior to the plea hearing which enumerated these terms. This issue is without merit. The final issue presented on appeal by Morris is the denial of a hearing. It is unclear from reading the briefs filed by Morris, but it appears he is arguing not only a denial of a hearing prior to the revocation of house arrest, but also the fact that the circuit court did not conduct a hearing to review Morris's revocation of house arrest. In reviewing and addressing Morris's concern relative to a hearing prior to revocation of house arrest, we also resolve the issue of whether the circuit court was required to conduct an evidentiary hearing.
¶ 12. Morris appears to argue that he was denied due process when he was removed from the house arrest program without a hearing. Our record relative to what occurred regarding Morris is fragmentary, but we have a record of what is important to our decision. The house arrest/intensive supervision program is established by statute. Miss. Code Ann. § 47-5-1001 (Supp. 1999). Regulations adopted under the statute provide for an offender in the house arrest program to be returned to an MDOC facility for a hearing should there be a positive drug test as here, or for some other rules violation. Mississippi Department of corrections standard operating proc. manual 40.01.01, intensive supervision program (rev. 2-1-1999) at 10 14. Once at the MDOC facility, the procedures established for the "Disciplinary System" are to be followed. Id. at 14. Those procedures require a prompt hearing before a disciplinary committee at which time the accused can be *Page 261 
heard and present evidence, unless the hearing is waived. Mississippi Department of corrections standard operating proc. manual 18.02.01, disciplinary procedures, formal resolutions (rev. 1-15-1999) at 1-7. An internal MDOC appeal may be taken from an adverse ruling. Id. at 8-9.
¶ 13. There is no right to appeal to a court from this review. However, any claim that these rules were not properly followed or an objection is made on some other basis may be used to invoke the Administrative Review Procedures. Miss. Code Ann. § 47-5-801 (Rev. 1993). Morris apparently did that, but then did not pursue that administrative process. The Mississippi Supreme Court has held that the administrative remedies under this statute and its own accompanying regulations are the means to seek review of a decision to end house arrest status. Babbitt v. State, No. 1998-CA-01805-SCT (¶ 15) (Miss. Jan. 27, 2000); Mississippi Department of corrections standard operating proc. manual 20.08.01, grievance procedures, offender (rev. 8-15-1998). Failure to appeal within thirty days to the circuit court from the completion of that process bars further review. Miss. Code Ann. §47-5-807 (Rev. 1993).
¶ 14. Prior to Morris's filing what the trial court determined to be a motion for post-conviction relief, Morris had utilized ARP to contest the validity of the drug test and his removal from house arrest. On July 16, 1998, Morris received a denial on his claim because his time had lapsed (i.e., thirty days from the date of the contested occurrence) for the program to review the claim. On July 18, 1998, Morris filed a second appeal under the ARP; however, the record does not reveal whether he received a response or filed a subsequent appeal for relief. The record does show that on August 28, 1998, Morris filed a petition to the trial court. The time period between the receipt of the ARP decision and his petition to the trial court was over thirty days; therefore, Morris was not entitled to judicial review of the ARP decision.
¶ 15. The Mississippi Supreme Court held that the proper action by the circuit court when such default has occurred is to dismiss the motion for relief because of a lack of jurisdiction. Babbitt, at (¶ 16). There was no need for an evidentiary hearing to determine that his petition, even if restructured as an appeal, was too late.
¶ 16. We affirm.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OFDENIAL OF POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THISAPPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, IRVING,MOORE, PAYNE, AND THOMAS, JJ., CONCUR.