883 So.2d 614 (2004)
Mario CHANDLER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02031-COA.
Court of Appeals of Mississippi.
September 28, 2004.
*615 Mario Chandler, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.
CHANDLER, J., for the Court.
¶ 1. The Circuit Court of Lowndes County, Mississippi, dismissed Mario Chandler's motion for post-conviction collateral relief. On appeal he raises the following issues:

STATEMENT OF THE ISSUES
I. IS CHANDLER'S INDICTMENT VOID BECAUSE IT DID NOT CONTAIN THE FOREMAN'S AFFIDAVIT?
II. DID THE STATE VIOLATE CHANDLER'S RIGHT TO A SPEEDY TRIAL BY NOT BRINGING HIM TO TRIAL WITHIN 270 DAYS OF HIS ARREST AND/OR ARRAIGNMENT?
III. DID CHANDLER RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?

FACTS
¶ 2. Mario Chandler pleaded guilty to burglary. During the entry of his plea, he testified under oath that he was guilty of the burglary in question.
¶ 3. Chandler later changed his mind and filed a motion for post-conviction relief. He claimed that (1) his indictment was defective and should have been dismissed because it did not contain the affidavit of the grand jury foreman that was required by Mississippi Code Annotated § 99-7-9 (Rev.2000); (2) the State violated his statutory right to a speedy trial because he was not brought to trial within 270 days of his arrest; (3) he was denied the effective assistance of counsel who failed to assail the allegedly defective indictment or raise a speedy trial claim; and (4) he was denied the right to effective assistance of counsel because his attorney did not file a request for discovery.
¶ 4. Chandler sought an evidentiary hearing for the purpose of proving these claims. The trial judge summarily denied the requested relief, finding as a matter of law that Chandler's indictment was valid; that his counsel did request discovery; that the continuances obtained in this cause were because of Chandler's incarceration in another county and because Chandler received new charges; and that Chandler's trial counsel did make a motion for speedy trial, but withdrew the motion because Chandler pleaded guilty to the charges.

ANALYSIS

I. IS CHANDLER'S INDICTMENT VOID BECAUSE IT DID NOT CONTAIN THE FOREMAN'S AFFIDAVIT?
¶ 5. In McCormick v. State, 377 So.2d 1070 (Miss.1979), the defendant complained that the trial court erred in overruling his demurrer to his indictment because it was not accompanied by the foreman's affidavit. The Mississippi Supreme Court rejected this contention because the defendant had not shown proof *616 that any prejudice resulted by the omission. Id. at 1074. Similarly, Chandler has not shown that any prejudice resulted because the indictment did not contain the foreman's affidavit. Furthermore, in the case of Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990), the Mississippi Supreme Court held that an argument asserting defectiveness of an indictment based on the lack of an accompanying affidavit from the grand jury foreman is a non-jurisdictional defect which is waived when the defendant enters a voluntary guilty plea and has failed to assert a timely claim in the trial court. This issue is without merit.

II. DID THE STATE VIOLATE CHANDLER'S RIGHT TO A SPEEDY TRIAL BY NOT BRINGING HIM TO TRIAL WITHIN 270 DAYS OF HIS ARREST AND/OR ARRAIGNMENT?
¶ 6. Chandler claims he was denied a right to a speedy trial. This claim necessarily fails because his case did not go to trial; he entered a guilty plea to an indictment that fully informed him of the nature and cause of the accusation.
¶ 7. Chandler's plea of guilty operated to waive his right to a speedy trial. The Mississippi Supreme Court has recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial. Ellzey v. State, 196 So.2d 889, 892 (Miss.1967). Specifically included in that class is the right to a speedy trial, whether of constitutional or statutory origin. Anderson v. State, 577 So.2d 390, 392 (Miss.1991).
¶ 8. In order to waive the right, there must be an "intentional relinquishment or abandonment of a known right or privilege." Id. at 391 (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). This test was met here. The record shows that Chandler was fully advised by pleading guilty that he was giving up his right to a jury trial, the right to confront and question the witnesses against him, and the right to testify. He testified under oath that he understood a guilty plea means the State does not have to produce any evidence. The record also affirmatively shows that Chandler freely and voluntarily confessed his guilt. The trial judge is entitled to rely heavily on the record. Sherrod v. State, 784 So.2d 256, 261(¶ 18) (Miss.Ct.App.2001) (quoting Gable v. State, 748 So.2d 703, 706 (Miss.1999)). This issue is without merit.

III. DID CHANDLER RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 9. Chandler claims that his lawyer was ineffective because she failed to investigate the facts of his case and to request discovery. However, the trial judge examined this very issue and found as a matter of fact that Chandler's lawyer sought and requested discovery.
¶ 10. Chandler never told the trial judge in his post-conviction relief motion what additional discovery materials would have disclosed nor how such material would have affected his decision to plead guilty. It follows that he has not demonstrated ineffective assistance of counsel that would have led to a different result. Hebert v. State, 864 So.2d 1041, 1044-45(¶ 10) (Miss.Ct.App.2004).
¶ 11. Chandler also claims that his trial counsel rendered ineffective assistance because she failed to raise the issues of speedy trial and defective indictment at trial. The trial judge determined from the record that Chandler's trial counsel did make a motion for speedy trial, but withdrew the motion when Chandler pleaded guilty to the charges. Trial counsel did not raise the issue of defective indictment *617 because the absence of the foreman's affidavit by itself does not render an indictment defective, as we have already explained.
¶ 12. Even taking Chandler's claims as true, Chandler has not shown that the performance of his trial counsel caused him to plead guilty. Chandler testified under oath that his lawyer had explained everything in the petition to enter the plea of guilty, and Chandler had no questions about its content. Chandler's trial counsel testified that she advised Chandler of his constitutional rights and advised him of the elements of the crime. We find Chandler's ineffective assistance claim to be without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.