928 So.2d 186 (2005)
Ronald Scott WESTBROOK, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01209-COA.
Court of Appeals of Mississippi.
October 4, 2005.
Rehearing Denied February 21, 2006.
Certiorari Denied May 4, 2006.
*187 Mose Lee Sudduth, Jr., Columbus, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Ronald Scott Westbrook was convicted of the sale of hydrocodone (count I) and the sale or delivery of less than one ounce of marijuana (count II). For count I, Westbrook was sentenced to serve twenty-two years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $5,000 plus all court costs. For count II, Westbrook was sentenced to serve three years. The sentences were to run consecutively, for a total of twenty-five years to serve. On appeal, Westbrook asserts that: (1) he received ineffective assistance of counsel, (2) the district attorney committed prosecutorial misconduct during closing arguments, and (3) his sentence was improper and excessive. We find no error and affirm.

FACTS
¶ 2. On March 4, 2003, a confidential informant ("CI") met with Officer Steve Hatcher and two other officers with the Lowndes County Sheriff's Office Narcotics Unit to arrange for the CI to make three drug buys. One of the buys included Westbrook. Officer Hatcher searched the CI and his truck, provided him with purchase money, and fitted him with audio/visual equipment. The CI had known Westbrook for approximately one year. He drove to Westbrook's trailer to "make the deal."
¶ 3. While inside Westbrook's trailer, the CI asked Westbrook if he had any Lortabs for sale. Westbrook responded that he did and offered to sell three tablets for $6.00 each. The CI gave Westbrook $20 for three tablets, and Westbrook handed him the pills. Westbrook then pulled out a sack of a "green leafy material" and gave the CI several joints. The CI then left Westbrook's trailer.
¶ 4. At a post-buy meeting, the CI gave Officer Hatcher the drugs he had purchased from Westbrook. Officer Hatcher took the audio/visual equipment and again searched the CI and his truck before allowing him to leave. The audio/visual equipment was entered into evidence and played for the jury. The State's expert witness identified the pills as hydrocodone and the "green leafy material" as marijuana.
¶ 5. A jury found Westbrook guilty of sale of hydrocodone and sale or delivery of marijuana. Westbrook filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, which was denied by the trial court.

ANALYSIS

I. Did Westbrook receive ineffective assistance of counsel?
¶ 6. Ineffective assistance of counsel claims must meet the standard of *188 Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail, Westbrook must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Id. at 687, 104 S.Ct. 2052. The burden of proof rests with Westbrook. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 7. Westbrook lists several deficiencies in his trial counsel's performance. He specifically points us to his counsel's failure to: object during voir dire, demand that the video tape from the drug buy be shown in full, and object to the denial of his jury instructions. He claims these deficiencies prejudiced his defense. However, as circuit court judge James T. Kitchens, Jr. noted during the hearing on the motion for judgment notwithstanding the verdict or, in the alternative, a new trial,
Mr. Westbrook was convicted . . . on the strength of a videotape and a confidential informant who testified that he had, in fact, purchased hydrocodone and had received or the marijuana had been delivered to him by Mr. Westbrook. There was video evidence. While the picture evidence on video may not have been the best in the world, the sound on the video was quite damming [sic], quite honestly. It was clear that it was Mr. Westbrook's voice.
¶ 8. Upon review, we find that Westbrook failed to show that his counsel's alleged deficiencies prejudiced the outcome of his trial. Thus, we conclude that this issue lacks merit.

II. Did the district attorney commit prosecutorial misconduct during closing arguments?
¶ 9. During closing arguments, Westbrook's counsel told the jurors that they were "the last defense of a defendant." In his final summation, the district attorney countered with the following:
Ladies and gentlemen, likewise, you're told that, well, in this particular case, it comes down to the jury being the last defense of the criminal defendant, the jury being the last thing that stands between him and the power of the State. Ladies and gentlemen, that's not your job. Your job when you took the oath and got impaneled as a juror was to render a true verdict based on the evidence. It's not your job to protect the defendant. It's the Judge's job to make sure that his rights are protected. If you want to say it's your job to protect the defendant, ladies and gentlemen, it's equally your job to protect the communities from people who are selling drugs. Your job, ladies and gentlemen, is to render a true verdict based on the evidence, the whole of the evidence. No matter what effect, no matter what consequences, that's your job.
¶ 10. Westbrook characterizes the prosecutor's comments as a "send the message" argument, which he contends constitutes prosecutorial misconduct. Williams v. State, 522 So.2d 201 (Miss.1988). Initially, we note that Westbrook failed to object to the district attorney's comments during closing arguments. Further, Westbrook failed to include this issue in his post-trial motion as a ground for a judgment notwithstanding the verdict or, in the alternative, a new trial. This Court has held that error not raised at trial or in post-trial motions may not be reviewed on appeal. Davis v. State, 660 So.2d 1228, 1245-46 (Miss.1995); Foster v. State, 639 So.2d 1263, 1288-89 (Miss.1994). Thus, we find that this issue is procedurally barred.
¶ 11. Procedural bar notwithstanding, "any allegedly improper prosecutorial comment must be evaluated in context, taking into consideration the circumstances of the *189 case when deciding the comment's propriety." Brooks v. State, 763 So.2d 859, 864(¶ 12) (Miss.2000) (citing Davis, 660 So.2d at 1248). The district attorney did not tell the jurors that their sole function was to protect the community. Rather, the district attorney argued that if the defendant could argue that the jury had a duty to protect the defendant, then the State could argue that the jury also had a duty to protect the community. The district attorney further clarified his statement by telling the jury that their ultimate job was "to render a true verdict based on the evidence, the whole of the evidence." The district attorney's comments did not constitute prosecutorial misconduct. Therefore, we find no error.

III. Was Westbrook's sentence improper and excessive?
¶ 12. Westbrook contends that his sentence was improper and excessive. It is well settled law that sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute. Wall v. State, 718 So.2d 1107, 1114(¶ 29) (Miss.1998).
¶ 13. Mississippi Code Annotated Section 41-29-139 (Rev.2001) states that any person who knowingly and intentionally sells, barters, transfers, manufactures, distributes, dispenses or possesses with the intent to sell, barter, transfer, manufacture, distribute or dispense a controlled substance "may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00), or both." It further states that "[i]n the case of one (1) ounce or less of marihuana, such person may, upon conviction, be imprisoned for not more than three (3) years or fined not more than Three Thousand Dollars ($3,000.00), or both." Miss.Code Ann. § 41-29-139 (Rev.2001).
¶ 14. Westbrook's sentence of twenty-two years for the sale of hydrocodone and three years for the sale or delivery of marijuana is within the statutory guidelines. A sentence consistent with the statutory parameters will not be disturbed. Corley v. State, 536 So.2d 1314, 1319 (Miss. 1988). Westbrook's sentence was neither improper nor excessive. We find this issue to lack merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF COUNT 1, SALE OF HYDROCODONE: SENTENCED TO SERVE A TERM OF TWENTY-TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND ORDERED TO PAY A FINE OF $5000, AND COUNT 2, SALE OF MARIJUANA LESS THAN ONE OUNCE: SENTENCED TO SERVE A TERM OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SAID SENTENCE TO RUN CONSECUTIVELY WITH THE SENTENCE IMPOSED IN COUNT 1, FOR A TOTAL OF 25 YEARS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.