ISHEE, J.,
for the Court.
¶ 1. The Circuit Court of Monroe County found Larry Westbrook guilty of the sale of cocaine on June 28, 2004, after West-brook entered a plea of guilty to the charge. The court sentenced him to twenty years in the custody of the Mississippi Department of Corrections with ten years suspended and five years’ post-release supervision. Westbrook filed a motion for post-conviction relief, which the trial court denied. Aggrieved, Westbrook appeals and asserts three issues:
I. Whether his sentence exceeds the statutorily prescribed penalty.
II. Whether Mississippi Code Annotated section 41-29-139 is unconstitutional due to ambiguity.
III. Whether the trial court lacked jurisdiction due to alleged defects in the indictment.
Finding no error, we affirm.
FACTS
¶ 2. On January 29, 2004, a Monroe County grand jury indicted Larry West-brook for the sale of cocaine to Bruce Dodson on or about March 6, 2003. West-brook was represented by counsel and appeared before the Monroe County Circuit Court on June 28, 2004 where he pled guilty to sale of cocaine, as charged in the indictment. The judge sentenced West-brook to twenty years in the custody of the Mississippi Department of Corrections with ten years suspended and five years’ post-release supervision. Westbrook filed a motion for post-conviction relief, which the trial court denied on August 8, 2006. Aggrieved, Westbrook timely filed an appeal on August 14, 2006, which is now before this Court.
ISSUES AND ANALYSIS
I. Whether the sentence exceeds the statutorily prescribed penalty
¶ 3. A sentence that is within the statutory limits is within the complete dis *289 cretion of the trial court and is not subject to review. Nichols v. State, 826 So.2d 1288, 1290(1110) (Miss.2002). Under Mississippi Code Annotated section 41-29-115(a)(4) (Rev.2005), cocaine is a controlled substance classified in Schedule II. The penalty for selling a Schedule II controlled substance is set out in Mississippi Code Annotated section 41 — 29—139(b)(1) (Rev. 2005). The statute provides for a maximum sentence of thirty years and a fine of one million dollars. Id. It does not require the defendant to sell any minimum amount of the controlled substance, and there is no minimum penalty. Id. However, the penalty for possession of a controlled substance, cited by Westbrook, is found at Mississippi Code Annotated section 41-29-139(c) (Rev.2005).
¶ 4. In the present case, Westbrook was charged with and pled guilty to the sale, not possession, of cocaine. The amount of cocaine, while relevant to a charge of possession, is irrelevant in this case because there is no minimum amount required to be guilty of selling cocaine and to receive a sentence of up to thirty years. The statute does grant an exception to first time offenders who sell small amounts of marijuana. Miss.Code Ann. § 41 — 29—139(b)(1) (Rev.2005). However, Westbrook was not charged with selling marijuana, and he was not a first time offender, as he testified at the plea hearing that he served time for selling cocaine on two prior occasions.
¶ 5. Westbrook faced a possible thirty year sentence for the sale of cocaine. His sentence of twenty years with ten suspended and five years post-release supervision was within the zero to thirty year limits of the statute. Under Nichols, his sentence was within the discretion of the trial court; therefore, this Court may not review it. This issue is without merit.
II. Whether Mississippi Code Annotated section 41-29-139 is unconstitutional due to ambiguity
¶ 6. While Westbrook states that the statute is unconstitutionally ambiguous, he also mentions the doctrines of vagueness and overbreadth. According to the Fifth Circuit, a statute is unconstitutionally vague if its prohibitions are not clearly defined from the standpoint of an ordinary person. J & B Entm’t, Inc. v. City of Jackson, 152 F.3d 362, 367 (5th Cir.1998). A “restriction must be reasonably clear, enabling a citizen to understand what is allowed, and what is not.” Mayor of Clinton v. Welch, 888 So.2d 416, 420(¶ 21) (Miss.2004). Ambiguity is a term of statutory interpretation. When a statute is unambiguous, a court must apply its plain meaning and may not apply principles of statutory interpretation. OXY USA, Inc. v. Mississippi State Tax Comm’n, 757 So.2d 271, 274(¶ 12) (Miss.2000). “There is no occasion to resort to rules of statutory interpretation where the language used by the legislature is plain, unambiguous, and conveys a clear and definite meaning.” Davis v. Pub. Employees’ Ret. Sys., 750 So.2d 1225, 1233(¶ 25) (Miss.1999). Under the doctrine of overbreadth, a government may not proscribe activities subject to regulation with an overly broad statute that invades the area of protected freedoms. Miller v. State, 636 So.2d 391, 395 (Miss.1994) (quoting Zwickler v. Koota, 389 U.S. 241, 249-50, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967)).
¶ 7. Westbrook argues the statute is ambiguous because he believes section 41-29-139(b) conflicts "with section 41-29-139(c), which looks at the amount of the controlled substance and provides for shorter sentences. What Westbrook fails to realize is that he was convicted under the subsection that criminalizes the sale of a controlled substance, while section 41-29-139(c) pro *290 scribes possession of a controlled substance. These are two different provisions dealing with two different situations. We do not find them to be ambiguous, as they each clearly state their purpose.
¶ 8. We also do not find the statute to be unconstitutionally vague. Section 41-29-139(b) of Mississippi Code Annotated states that it is a crime sell a controlled substance and that the sentence for conviction of such crime may be up to thirty years. It seems from this that a person of ordinary intelligence would understand by reading this statute that he could face significant prison time for selling cocaine.
¶ 9. Lastly, we find that the statute is not overly broad. The sale of controlled substances does not infringe on any of Westbrook’s constitutionally protected rights. This issue is without merit.
III. Whether the trial court lacked jurisdiction due to alleged defects in the indictment
¶ 10. To support his claim that the trial court lacked jurisdiction, Westbrook alleges the following defects in the indictment: (1) it did not state the judicial district from which it was returned, (2) it was not stamped “filed,” (3) it did not specify the quantity of drugs, (4) it did not state that a duly sworn grand jury returned the indictment, and (5) it did not specify that fifteen members of a grand jury were present.
¶ 11. A valid guilty plea waives all non-jurisdictional defects in an indictment. Reeder v. State, 783 So.2d 711, 720(¶ 36) (Miss.2001) (citing Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)). Failing to stamp an indictment “filed” is not a jurisdictional defect; furthermore, a party may not raise such an objection for the first time on appeal. Jones v. State, 356 So.2d 1182, 1183 (Miss.1978). Such a claim is procedurally barred. Wilson v. State, 904 So.2d 987, 995-96(¶27) (Miss. 2004). An indictment that does not contain an affidavit stating that fifteen members of the grand jury were present, and that at least twelve concurred, is not defective if the grand jury foreman signed it and the clerk marked it “filed.” Morris v. State, 767 So.2d 255, 259(¶ 7) (Miss.Ct.App.2000) (overruled on other grounds). This operates as legal evidence of the concurrence of twelve or more grand jurors. Id. Also, the supreme court has found that the failure to attach such an affidavit was a non-jurisdictional defect that a defendant waived when he entered a valid guilty plea and did not raise the objection in the lower court. Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990).
¶ 12. Upon reviewing the record, it is clear that Westbrook’s claim of deficiency is without merit. The indictment states it was issued in the Circuit Court of Monroe County. Both the assistant district attorney and the grand jury foreman signed it, and the clerk stamped it “Filed and Recorded” and signed it also. While West-brook correctly states the indictment does not contain the amount of the controlled substance, the amount is irrelevant to his charge. Unlike possession, sale of a controlled substance does not require a specific amount. The indictment also specifies that the jurors were sworn.
¶ 13. Lastly, the indictment is not defective because the foreman did sign it and the clerk did mark it “filed.” As per Morris, this operates as evidence of the concurrence of at least twelve grand jury members. Furthermore, the lack of an affidavit stating that fifteen members were present was a non-jurisdictional defect that Westbrook waived when he entered a valid guilty plea. The issues concerning the alleged defects in the indictment are without merit or are procedurally barred.
¶ 14. Westbrook also claims that his counsel was ineffective because he failed to *291 object to the alleged defects in the indictment. To prevail on a claim of ineffective assistance of counsel, an appellant must show that the performance of his counsel was deficient and that the deficient performance prejudiced the appellant. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test also applies when the appellant challenges a guilty plea based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58,106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Under Strickland, the presumption is that counsel’s conduct is reasonable and not deficient. Moody v. State, 644 So.2d 451, 456 (Miss.1994). The claims Westbrook argues to be defects in the indictment are insufficient to show deficiency in his counsel’s performance or prejudice to his case. This issue is without merit.
¶ 15. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.