963 So.2d 44 (2007)
Joey W. CARROLL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01204-COA.
Court of Appeals of Mississippi.
August 21, 2007.
Joey W. Carroll, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MYERS, P.J., ISHEE and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Joey Carroll was convicted of selling methamphetamine by entering a plea of guilty in the Pontotoc County Circuit *45 Court. In his motion for post-conviction relief, he argues that the indictment was invalid, his plea was invalid, ineffective assistance of counsel, and prosecutorial misconduct. Finding no error, we affirm the denial of Carroll's motion for post-conviction relief.

FACTS
¶ 2. On February 2, 2004, a Pontotoc County grand jury indicted Carroll for the crime of selling methamphetamine. Miss. Code Ann. § 41-29-139(a)(1) (Rev.2005). On June 10, 2005, Carroll entered a plea of guilty to this charge. He was sentenced to thirty years imprisonment, with twenty years suspended, leaving ten years to serve. Carroll has filed various motions after being incarcerated. On June 26, 2006, the circuit court denied Carroll's motion for post-conviction relief. Carroll appeals the denial of his motion. His appeal has been assigned to this Court.

DISCUSSION
1. Validity of Indictment
¶ 3. Carroll argues that his indictment did not meet the statutory requirements for validity. Miss.Code Ann. § 99-7-9 (Rev.2000). His specific concerns include: that the record does not show the minutes of the grand jury, that the indictment is not stamped "filed," that there is no proof of the number of present jurors, and that there was no sworn oath by the foreman of the grand jury. He relies on case law to conclude that the circuit court was without jurisdiction to accept his plea, and that these errors require that his conviction and sentence be vacated. Jackson v. State, 377 So.2d 1060, 1061-63 (Miss. 1979) (validity of an indictment evidenced without accompanying affidavit of foreman); Stanford v. State, 76 Miss. 257, 24 So. 536 (1898) (holding the marking of the indictment filed, dating it, and signing the entries on it by the clerk, are made, by Section 1346 of the Code of 1892, the exclusive legal evidence of the finding and presentation of the indictment); Pond v. State, 47 Miss. 39, 44 (1872) (holding that a record failing to show the presentation in court by the grand jury of an indictment found by them, will be fatally defective).
¶ 4. The relevant portion of Section 99-7-9 states:
All indictments and the report of the grand jury must be presented to the clerk of the circuit court by the foreman of the grand jury or by a member of such jury designated by the foreman, with the foreman's name endorsed thereon, accompanied by his affidavit that all indictments were concurred in by twelve (12) or more members of the jury and that at least fifteen (15) were present during all deliberations, and must be marked "filed," and such entry be dated and signed by the clerk. It shall not be required that the body of the grand jury be present and the roll called. An entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the endorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment.

Miss.Code Ann. § 99-7-9 (Rev.2000) (emphasis added).
¶ 5. The Mississippi Supreme Court has held that the "legal evidence of the concurrence of twelve or more of the grand jurors in finding and presenting the indictment is fully established by the signing thereof on the part of the foreman and the marking of it `filed' by the clerk of the court." Morris v. State, 767 So.2d 255, 258-59(¶ 7) (Miss.Ct.App.2000) (overruled in part on other grounds) (quoting McCormick *46 v. State, 377 So.2d 1070, 1074 (Miss. 1979)); see also Temple v. State, 165 Miss. 798, 145 So. 749, 751 (1933) (a much earlier holding that an indictment was valid where signed by the grand jury foreman, as well as having been marked, dated, and signed by the clerk); Westbrook v. State, 928 So.2d 186, 188-89 (¶¶ 10-13) (Miss.Ct.App. 2007) (a very recent application of this case law).
¶ 6. In the present case, Carroll's indictment was signed by the foreman of the grand jury, stamped "filed," and marked, dated and signed by the clerk. In addition, as we later discuss, Carroll entered a valid guilty plea. As such, all non-jurisdictional defects in the indictment were waived. Roby v. State, 861 So.2d 368, 371(¶ 11) (Miss.Ct.App.2003) (citing Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)). Lack of an accompanying affidavit from the grand jury foreman is a non-jurisdictional defect. Chandler v. State, 883 So.2d 614, 615-16(¶ 5) (Miss.Ct. App.2004). Also, Carroll's argument must fail as he fails to even allege any prejudice resulted due to the alleged defects in the indictment. Id. The issue is wholly without merit.
2. Validity of Plea
¶ 7. Carroll argues that his plea is invalid because counsel coerced him into entering a guilty plea. Carroll argues that his plea was involuntary because counsel never informed him of his constitutional right to be indicted by a grand jury. He cites case law in concluding that his guilty plea and sentence should be vacated. Courtney v. State, 704 So.2d 1352, 1359(¶ 28) (Miss.1997) (holding a guilty plea invalid where the defendant was not informed of constitutional rights); Wilson v. State, 577 So.2d 394, 397-98 (Miss.1991) (holding that an evidentiary hearing was warranted where the record was inadequate for a determination on whether the defendant's guilty plea was valid).
¶ 8. A guilty plea is valid where it is entered into "voluntarily, knowingly, and intelligently, `with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005) (quoting Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).
¶ 9. As is evident from Carroll's argument, the claim of an invalid plea is based upon the assumption of an invalid indictment. Carroll's own statements in his appellate brief demonstrate that he was properly informed of the sentence he could receive from entering a guilty plea. He makes no argument that he was otherwise uninformed of the circumstances and likely consequences of entering his guilty plea. The transcript of the plea hearing was not included as part of the record. However, the order of the trial court reflects that a transcript of the hearing was reviewed. Based upon that review, the trial court determined that Carroll's assertions were without merit because they were belied by evidence in the transcript. This is sufficient to conclude that Carroll's guilty plea was valid.
3. Effectiveness of Counsel
¶ 10. Carroll argues that the performance of his counsel was constitutionally deficient. He states in his brief that counsel was hired, not court appointed. Carroll advances a number of arguments he claims will demonstrate how he received ineffective assistance of counsel, including: counsel failed to discover Carroll's indictment was defective, recommended entering a guilty plea where there was a defective indictment, failed to move to quash the defective indictment, failed to interview potential witnesses, *47 failed to notify Carroll about the right to a speedy trial, and failed to adequately prepare for trial because counsel did not discover the defective indictment.
¶ 11. We review Carroll's argument under a two-part inquiry of whether counsel's performance was deficient, and whether that deficiency resulted in prejudice to him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This first part of this analysis remains the same when reviewing a guilty plea. Hannah v. State, 943 So.2d 20, 24(¶ 7) (Miss.2006). In the context of a guilty plea, the focus of the second part of this inquiry is on whether Carroll has shown that there is a reasonable probability that, but for the errors of his counsel, he would not have entered a guilty plea, would have insisted on going to trial, and that the outcome would have been different. Id. We consider the "totality of the circumstances" in deciding if counsel's actions were deficient. Swington v. State, 742 So.2d 1106, 1114(¶ 22) (Miss.1999) (citation omitted). We note, however, that Carroll had a constitutional right to effective counsel, not errorless counsel. Branch v. State, 882 So.2d 36, 52(¶ 26) (Miss.2004).
¶ 12. We do not address Carroll's arguments that are based upon his assumption that his indictment and guilty plea were invalid. In light of our findings that Carroll's indictment and guilty plea were both valid, his arguments concerning a right to a speedy trial and other defects incident to trial are waived. Chandler, 883 So.2d at 616(¶ 7). Carroll's argument that his counsel failed to interview witnesses fails to even include which witnesses were not interviewed and any possible exculpatory testimony they would have provided. The arguments advanced by Carroll fail to meet the required burden that counsel was deficient, and that Carroll was prejudiced by counsel's deficiency. The issue is without merit.
4. Prosecutorial Misconduct
¶ 13. Carroll argues that State officials and his counsel were co-conspirators in coercing Carroll to enter a guilty plea, knowing that Carroll was not properly indicted. Our previous finding that Carroll's indictment was proper precludes any merit to this issue.
¶ 14. THE JUDGMENT OF THE PONTOTOC COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PONTOTOC COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE and ROBERTS, JJ., CONCUR.