CARLTON, J.,
for the Court:
¶ 1. Horatio Hunt appeals the Madison County Circuit Court’s dismissal of his motion for post-conviction relief (PCR). Hunt raises the following assignments of error, which we have restated for conciseness: whether (1) he entered a knowing, voluntary, and intelligent guilty plea; (2) he was entitled to an evidentiary hearing; (8) he suffered a violation of his due-process rights when the circuit court failed to advise him of his right to appeal; and (4) his trial counsel rendered ineffective assistance. Finding no error, we affirm.
FACTS
¶ 2. On September 28, 2006, a Madison County grand jury indicted Hunt under Mississippi Code Annotated section 41-29-189 (Supp.2011) for possession of two grams but less than ten grams of cocaine, a Schedule II controlled substance, with intent to sell, transfer, or distribute. This charge was assigned cause number 2007-0071 in the Madison County Circuit Court. The State also proceeded by way of a bill of information against Hunt for felony evasion in Rankin County Circuit Court cause number 20014.
¶ 3. Subsequently, on November 17, 2008, Hunt pled guilty to possession of cocaine with intent to sell in the Madison County case and to felony evasion in the Rankin County case. In the Madison County case, cause number 2007-0071, the circuit court sentenced Hunt to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with twenty years to serve and five years of post-release supervision. Hunt also received a concurrent term of five years’ imprisonment on the felony evasion charge in Rankin County.[1] Additional charges pending against Hunt in Rankin County were remanded to the file based upon the plea agreement.
¶ 4. On February 24, 2011, Hunt filed a PCR motion in cause number 2007-0071, which the circuit court summarily dismissed under Mississippi Code Annotated section 99-39-11(2) (Supp.2011). Hunt now appeals.
STANDARD OF REVIEW
¶ 5. “A trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Grissom v. State, 66 So.3d 1280, 1281 (¶ 3) (Miss.Ct.App.2011). “However, when issues of law are raised, the proper standard of review is de novo.” Id.
DISCUSSION
I. GUILTY PLEA
¶ 6. Hunt argues that a violation of his due-process rights occurred when he pled guilty to possession with intent to sell cocaine without having admitted all of the required elements of the charge. Hunt also contends that no factual basis existed for such a guilty plea. According to Hunt, the grand jury originally indicted him for possession of greater than .1 gram but less than two grams of cocaine, and the indictment later was amended to increase the charged quantity to two grams but less than ten grams of cocaine. Hunt claims that the indictment was amended without his knowledge, without proof that a grand jury approved the amendment, and without the circuit court making him aware of the enhanced penalty.[2] Hunt further al *271 leges that he entered an involuntary plea due to his mental status at the time that he entered his guilty plea.
¶7. As noted by the State, the record provides no indication that Hunt’s indictment was amended. The indictment in the record provides that the State charged Hunt with possessing more than two grams but less than ten grams of cocaine with the intent to sell.[3] The indictment is signed by the foreman of the grand jury. Mississippi Code Annotated section 41-29-139(a)(1) (Supp.2011) states:
Except as authorized by this article, it is unlawful for any person knowingly or intentionally: (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance[.]
Hunt’s sentence of thirty years’ imprisonment falls under Mississippi Code Annotated section 41-29-139(b) (Supp.2011), which sets forth the standards for sentencing upon a conviction under subsection (a) for crimes involving cocaine. Section 41-29-139(b) also contains the sentencing standards for crimes that involve marijuana. Hunt pled guilty to the possession of more than two but less than ten grams of cocaine with the intent to sell. The circuit court read the indictment, and Hunt acknowledged that he understood the elements of the offense charged.
¶ 8. We recognize that, in order for a guilty plea to be rendered valid, it must be entered into “voluntarily, knowingly, and intelligently, ‘with sufficient awareness of the relevant circumstances and likely consequences.’ ” Henderson v. State, 89 So.3d 598, 600 (¶ 5) (Miss.Ct.App. 2011) (quoting Carroll v. State, 963 So.2d 44, 46 (¶ 8) (Miss.Ct.App.2007)). “To determine whether the plea is voluntarily, knowingly, and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.” Id. (quoting Burrough v. State, 9 So.3d 368, 373 (¶ 11) (Miss.2009)).
¶ 9. The circuit court, in assessing the validity of the guilty plea, must also determine that a factual basis for the plea exists. Id. at (¶ 6). See URCCC 8.04(A)(3). The Mississippi Supreme Court has stated:
Pursuant to Rule 8.04(A)(3) of the Uniform Circuit and County Court Rules, “[bjefore the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea.” (Emphasis added). The factual-basis component of the rule requires that, “before it may accept the plea, the circuit court have before it, inter alia, substantial evidence that the accused did commit the legally defined offense to which he is offering the plea.” Corley v. State, 585 So.2d 765, 767 (Miss. 1991). What facts must be shown depends on the crime and its assorted elements. Id. There are numerous ways by which the facts may be found, but what ultimately is required is “there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged.”
Burrough, 9 So.3d at 373 (¶ 14).
¶ 10. During the November 17, 2008 plea hearing, the following exchange occurred:
*272 COURT: [Y]ou [ (Hunt) ] are pleading to the indicted crime; is that correct, Mr. [Michael] Guest?[4]
GUEST: Yes, sir.
COURT: Those elements are on or about January 21, 2006, in Madison County, Mississippi, you did unlawfully, willfully, knowingly, and feloniously possess, with intent to sale, transfer, or distribute, more than two grams but less than ten grams of cocaine. Do you understand those elements?
HUNT: Yes, sir.
Guest then offered the following when asked by the circuit court the factual basis for the State’s charges against Hunt:
Judge, in the Madison County cause, the State would prove on or about the 21st day of January, 2006, the Ridgeland Police Department made a traffic stop on a vehicle driven by the defendant. The officer noticed what he believed to be [an] intoxicating beverage coming from the vehicle. He then asked the driver to step from the vehicle. That driver was later identified, it’s my understanding, as Horatio Hunt. When this individual exited the vehicle, the officer found in his seat a container. The officer retrieved that container, opened that container and found that it contained approximately twenty-six rocks of crack cocaine. This defendant was then placed under arrest and charged with possession with intent to sell or distribute. The State would show, if this case went to trial, that based upon the weight and other factors, that Mr. Hunt did intend to sell or distribute these narcotics, and these events occurred in Madison County.
When the court asked if Hunt or his defense counsel had any disagreement with the factual basis submitted by the State, Hunt and his counsel responded negatively. The plea colloquy further reflects that the circuit court thoroughly advised Hunt of his rights; the nature and elements of the charge against him; and the consequences of his guilty plea. The plea colloquy shows that Hunt indicated to the satisfaction of the circuit court his understanding of the circuit court’s explanations, and his desire to waive the rights due a criminal defendant. The circuit court also questioned Hunt and his defense counsel as to Hunt’s alleged mental illness and was satisfied with their responses. The record affirmatively disputes Hunt’s allegations in his PCR motion that he entered an unknowing, unintelligent, and involuntary plea. As such, we find that this issue is without merit.
II. EVIDENTIARY HEARING
¶ 11. Hunt argues that the circuit court erred in summarily dismissing his PCR motion without first conducting an evidentiary hearing. Specifically, Hunt claims that the circuit court erred in dismissing his PCR motion on the basis of Mississippi Code Annotated section 99-39-11(2) when the court failed to address each of the claims set forth in his PCR motion. Additionally, Hunt asserts that the circuit court should have made findings or ordered an evaluation of his mental status prior to dismissing his PCR motion.
¶ 12. Section 99-39-11(2) provides that a trial court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” See also Burrough, 9 So.3d at 371 (¶ 6). In accordance with section 99-39-11(2), the circuit court in this case reviewed the record and determined that *273 Hunt was not entitled to any relief. The circuit court’s dismissal of Hunt’s PCR motion is consistent with the evidence and testimony presented in the record. Accordingly, we find that this issue is without merit.
III. RIGHT TO APPEAL
¶ 13. Hunt argues that the circuit court erred by failing to advise him of his right to appeal to the Mississippi Supreme Court, thereby subjecting him to a denial of his due-process rights. Hunt pled guilty in November 2008. At the plea hearing, the circuit court advised Hunt that if he pled guilty, he would have no right to appeal his sentence. Mississippi Code Annotated section 99-35-101 was amended, effective July 1, 2008, to state that “where [a] defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the [Mississippi] Supreme Court shall be allowed.” Miss. Code Ann. § 99-35-101 (Supp.2011) (emphasis added).[5] Thus, this issue is without merit.
IV. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 14. Hunt argues that he received ineffective assistance of counsel in violation of his constitutional rights. Hunt alleges the following deficiencies of his counsel: failure to object when the circuit court accepted his guilty plea and imposed a sentence without determining that Hunt knew, understood, and admitted the elements of the crime charged and without advising him of the right to appeal his sentence; failure to investigate the case, including his mental state; failure to advise him of any adequate defenses available; failure to notify him that the indictment was allegedly amended to increase the charged quantity of cocaine; failure to advise him of the range of punishment to which he was subject; and failure to object to the indictment.[6]
¶ 15. In order to prove ineffective assistance of counsel, Hunt must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced him. Cherry v. State, 24 So.3d 1048, 1051 (¶ 6) (Miss.Ct.App.2010) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “The burden of proof rests with the defendant to show both prongs.” Id. “To overcome this presumption, ‘the defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.’ ” Id.
¶ 16. Here, Hunt admitted the factual basis for the charge against him. Hunt further confirmed that he freely and voluntarily admitted guilt to the crimes charged. Before accepting Hunt’s guilty plea, the circuit court specifically asked Hunt if he was satisfied with his counsel. Hunt responded affirmatively. After reviewing the record, we find that Hunt failed to prove any instance of deficiency on the part of his counsel. Hunt also failed to show with reasonable probability that, but for his counsel’s alleged unprofessional errors, the result of his proceeding would *274 have been different. This issue is without merit.
¶ 17. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C. J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. Rankin County Circuit Court cause number 20014.

. Specifically, Hunt alleges that the circuit court never asked him personally whether he *271 actually possessed the amount of the controlled substance charged in the "amended” indictment.

. The indictment shows that the Madison County grand jury indicted Hunt in September 2006.

. Guest served as counsel for the State.

. Lewis v. State, 48 So.3d 583, 587 n. 4 (Miss. Ct.App.2010).

. Specifically, Hunt claims that the indictment failed to indicate the "district or the judicial district in which it was brought.” However, the indictment in the record clearly states that the Madison County grand jury found that Hunt "did unlawfully, willfully, knowingly and feloniously possess, with intent to sell, transfer or distribute a quantity of two (2) grams but less than ten (10) grams of cocaine, a Schedule II controlled substance, in Madison County, Mississippi[.]”